## BAILEY v. UNITED STATES.

(Circuit Court of Appeals, Fifth Circuit. March 11, 1925. Rehearing Denied April 6, 1925.)

No. 4319.

**1. Customs duties ⊂═⊃125—Smuggling intoxicating liquors is criminal offense.**

Smuggling intoxicating liquors, or knowingly facilitating their transportation after their importation, constitutes a criminal offense, under Tariff Act 1922, § 593(a) (b), being Comp. St. Ann. Supp. 1923, §§ 5841h–12, 5841h–13.

**2. Criminal law ⊂═⊃150—Continuing conspiracy held kept alive by overt acts after enactment of statute.**

Though a continuing conspiracy to smuggle intoxicating liquors and facilitate their transportation was formed prior to the enactment of Comp. St. Ann. Supp. 1923, §§ 5841h–12, 5841h–13, overt acts committed after its enactment *held* sufficient to keep it alive.

**3. Internal revenue ⊂═⊃2—No tax imposed on wholesale liquor dealers.**

Since the passage of the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.), which repealed Rev. St. § 3244 (4), being Comp. St. § 5971, there is no statute in force imposing a tax on wholesale liquor dealers.

**4. Indictment and information ⊂═⊃117—Not bad as a whole, because one object of conspiracy not an offense.**

Indictment for conspiracy to smuggle, transport, and sell intoxicating liquors, facilitate their transportation, and carry on business of wholesale liquor dealer without paying special tax, is not bad as to its other averments, because averment as to conspiracy not to pay special tax states no offense.

**5. Indictment and information ⊂═⊃119—Indictment not invalidated by unprovable averments, which may be rejected as surplusage.**

It is not an objection that an indictment charges more than the proof can possibly show, if what is well charged constitutes an offense.

**6. Indictment and information ⊂═⊃125(5½) — Conspiracy to commit several offenses may be charged in one count.**

A conspiracy to commit several offenses may properly be included in the same count of an indictment.

**7. Conspiracy ⊂═⊃43(1)—Indictment held sufficiently specific.**

An indictment for conspiracy may be as general and indefinite as the conspiracy which it seeks to punish.

In Error to the District Court of the United States for the ·Southern District of Georgia; William H. Barrett, Judge.

Criminal prosecution by the United States against John B. Bailey. Judgment of conviction, and defendant brings error. Affirmed.

A. A. Lawrence and John J. Bouhan, both of Savannah, Ga. (A. L. Herzog and E. H. Abrahams, both of Savannah, Ga., on the brief), for plaintiff in error.

Chas. L. Redding, Asst. U. S. Atty., of Savannah, Ga., and White B. Miller, Sp. Asst. Atty. Gen., for the United States.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

BRYAN, Circuit Judge. All of the assignments relate to the overruling of a demurrer to the indictment. The indictment contains only one count, and charges that Bailey, plaintiff in error here, and several other defendants, entered into a conspiracy under section 37 of the Criminal Code, being Comp. St. § 10201: (1) With intent to defraud the revenue of the United States, to smuggle and clandestinely introduce from the Bahama Islands into the United States at points near Savannah, within the Southern district of Georgia, intoxicating liquors, "the same being merchandise subject to duty, and which should have been invoiced, that is to say, brandy, whisky, gin, and other distilled spirits, and champagne"; (2) to facilitate the transportation of "said merchandise, from the several places where it was so to be introduced into the United States as aforesaid, to divers nearby storage and distributing points, and from those points to Savannah aforesaid, and to other points to said grand jurors unknown, after the importation of said merchandise as aforesaid"; (3) to transport a portion of "said merchandise

and intoxicating liquors" to storage and distributing points, and from there to Savannah and to other points unknown, without a permit from the Commissioner of Internal Revenue; (4) to sell at one of the storage points, or at Savannah, or at points unknown, for beverage purposes, "a portion of said intoxicating liquors and merchandise"; and (5) to carry on the business of a wholesale liquor dealer without having first paid the special internal revenue tax. The conspiracy is alleged to have been a continuing one from July, 1921, to the date of the filing of the indictment in August of 1923. All the overt acts under it are alleged to have been committed in 1923.

In support of the demurrer it is contended that the customs duty on intoxicating liquor and the internal revenue tax on wholesale liquor dealers were repealed by the Eighteenth Amendment; that paragraphs 801, 802, and 803 of title 1 of the Revenue Act of 1922 (Comp. St. Ann. Supp. 1923, § 5841a) are void, because they are repugnant to the Eighteenth Amendment; that smuggling and the carrying on of the business of a wholesale liquor dealer without a license are not offenses, but are averments descriptive of the conspiracy, and cannot be rejected as surplusage, which places the government in the position of not being able to prove the conspiracy as alleged; that the indictment is void for duplicity, in that it charges several offenses in a single count; and that it is vague and uncertain, because, although it alleges a conspiracy to transport liquor without a permit and to sell it for beverage purposes, it fails to identify the places from and to which the defendants conspired to transport the liquor and at which they conspired to sell it.

[1, 2] Whether the Eighteenth Amendment repealed the customs duty on liquor is not material in this case. A duty was imposed by the tariff provisions of the Act of 1922. 42 Stat. 858, c. 356 (Comp. St. Ann. Supp. 1923, § 5841a et seq.). Sections 2865 and 3082 of the Revised Statutes (Comp. St. §§ 5548, 5785), which prohibit smuggling of any merchandise with intent to defraud the revenue of the United States, and concealment and facilitating the transportation of such merchandise after importation, respectively, were in substance re-enacted. 42 Stat. 982 (Comp. St. Ann. Supp. 1923, §§ 5841h–12, 5841h–13). It is too late to contend that the United States may not tax intoxicating liquors, notwithstanding their production or importation is prohibited. United States v. Yuginovich, 256 U. S. 450, 41 S. Ct. 551, 65

L. Ed. 1043; United States v. Staaftoff, 260 U. S. 477, 43 S. Ct. 197, 67 L. Ed. 358. Although the indictment alleges that the conspiracy was formed before the passage of the Revenue Act of 1922, the overt acts to effect its objects are alleged to have been committed after the passage of that act, and the indictment charges a continuing conspiracy. The overt acts alleged were sufficient to keep the conspiracy alive. Brown v. Elliott, 225 U. S. 392, 32 S. Ct. 812, 56 L. Ed. 1136. It follows that in our opinion smuggling and facilitating the transportation of liquor. with intent to defraud the revenue of the United States, are criminal offenses.

[3-5] The special tax imposed upon wholesale liquor dealers by R. S. § 3244 (Comp. St. § 5947), was repealed by the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq). Lipke v. Lederer, 259 U. S. 557, 42 S. Ct. 549, 65 L. Ed. 1061; Fontenot v. Accardo (C. C. A.) 278 F. 871. We are of opinion that the section just mentioned has not been re-enacted, and, as contended by the defendant, that there is no tax now in effect upon wholesale liquor dealers. It therefore may be assumed that the last subdivision of the indictment does not state an offense. But the averment that the defendant conspired to carry on the business of a wholesale liquor dealer without paying the special tax does not in any way affect the other parts of the indictment. It is not an objection that an indictment charges more than the proof can possibly show, if what is well alleged constitutes an offense. The averment of the failure to pay the license tax is surplusage, but it does not render the indictment bad, unless it is descriptive of a material averment. 2 Bishop's Criminal Procedure, § 45. Clearly the averment of a conspiracy not to pay the special tax as a wholesale liquor dealer is not descriptive of the other averments contained in the indictment.

[6] A conspiracy to commit several offenses may properly be included in the same count of an indictment. Frohwerk v. United States, 249 U. S. 204, 39 S. Ct. 249, 63 L. Ed. 561; Anderson v. United States (C. C. A.) 269 F. 65, 76; Anderson v. United States (C. C. A.) 273 F. 20, 28; Rowan v. United States (C. C. A.) 281 F. 137.

[7] It is also objected that the indictment is so vague and uncertain as not to put the defendants on notice of some of the charges against them, because the conspiracy alleged included agreements to transport liquor from places which were not identified to places which were unknown, and to sell it at Savan-

nah or at such unknown places. Conceivably the defendants could have entered into just that kind of conspiracy. · They might not themselves have agreed upon the particular places to which the liquor would be transported, or at which it would be sold. If they could enter into a conspiracy to commit offenses without agreeing upon all of the details as to how or where some features of their conspiracy would be carried out, surely the indictment would not be rendered bad if it charged a conspiracy which also left out such details. If it were otherwise, it would not be difficult to form a criminal conspiracy which the law could not punish. The law is not as helpless as that. An indictment may be as general and indefinite as the conspiracy which it seeks to punish.

The judgment is affirmed.