### UNITED STATES v. TAYLOR.
No. 146, Docket 22902.

United States Court of Appeals
Second Circuit.

Argued Jan. 13, 1954.

Decided Feb. 3, 1954.

---

3. The Max Morris, 137 U.S. 1, 11 S.Ct. 29, 34 L.Ed. 586; Pope & Talbot v. Hawn, 346 U.S. 406, 74 S.Ct. 202.

Courtney Townsend Taylor, pro se.

J. Edward Lumbard, U. S. Atty. for Southern Dist. of New York, New York City (Leon Silverman, Brooklyn, N. Y., of counsel), for appellee.

Before FRANK, MEDINA and HINCKS, Circuit Judges.

PER CURIAM.

Appellant, having waived indictment, pleaded guilty on all counts of a multiple count information charging him with transporting and causing the transportation in interstate commerce of falsely made checks in violation of 18 U.S.C. § 2314, and was sentenced to fifteen years imprisonment. Appellant's earlier motion to vacate the sentence was denied except that sentence on one of the 225 counts was vacated on the ground that the crime charged was not committed in interstate commerce, 111 F.Supp. 159; this decision was affirmed by this court, *per curiam.* See, 2 Cir., 207 F.2d 437.

On the present motion, appellant contends that the sentence imposed on him under his plea of guilty is excessive, erroneous, and should be corrected. He argues that, since § 2314 uses the word "securities" (in the plural) in making the transportation in interstate commerce of any "falsely made, forged, altered, or counterfeited securities" a crime punishable by fine and or imprisonment for "not more than ten years," it was the intention of Congress to penalize the transportation of "securities" regardless of number, with a maximum term of ten years. Appellant thus argues that, upon conviction of the crime of transporting 224 forged or falsely made checks, as charged in a multiple-count information or indictment, a defendant may only be sentenced for a term of ten years and not longer.

This is but verbal play. 18 U.S.C. § 2311 defines the word "securities," for purposes of § 2314, as "any note, stock certificate, bond, debenture, check, draft * * * or, in general, any instrument commonly known as a 'security'". The plural used in § 2314 obviously includes all the types of securities mentioned in § 2311.

Appellant also claims as error the failure of the court below to afford appellant an oportunity to file a brief in reply to the government's brief in opposition to his motion. There were no factual issues raised by appellant's motion. Indeed, he conceded that his motion involved merely legal points. Argument in support of his motion was stated in his motion papers, with no reservation or claim of right to be further heard. Since the motion, files, and records of the case conclusively show that he is entitled to no relief (see 28 U.S.C. § 2255), we think the court below in this respect committed no error.

Affirmed.