UNITED STATES of America, Plaintiff-Appellee,

v.

Jesse HILL, Defendant-Appellant.

No. 11827.

United States Court of Appeals, Seventh Circuit.

Feb. 6, 1957.

Jesse Hill, pro se.

Robert Tieken, U. S. Atty., Chicago, Ill., John Peter Lulinski, Edwin A. Strugala, Asst. U. S. Attys., Chicago, Ill., of counsel, for appellee.

Before DUFFY, Chief Judge, and MAJOR and SWAIM, Circuit Judges.

DUFFY, Chief Judge.

Defendant was indicted on two counts for forging, uttering and possessing one hundred ninety $10 federal reserve notes. The record discloses that late on Saturday night, July 12, 1952, defendant and a companion named Terry were arrested by South Park District Police for driving an automobile in an unlawful manner. Whiskey bottles and counterfeit $10 reserve notes were found in the automobile. A traffic ticket was issued and defendant and Terry were held by the police under suspicion of driving while intoxicated. Early Sunday morning, July 13, the police called in special agents of the United States Secret Service who went to the police station where defendant was confined. Additional counterfeit money was discovered in the automobile and the Secret Service agents questioned defendant and Terry. About 8:30 on Monday morning defendant was brought to the office of the Secret Service in Chi-

cago where he signed a statement confessing his guilt. At 2:00 p. m. on that day defendant was taken before a United States Commissioner for a preliminary hearing upon a complaint that had been filed shortly theretofor by a Secret Service agent.

Attorney John Gannon was appointed to represent defendant before the Commissioner, and he was retained by defendant to represent him for arraignment, plea and trial. On August 5, 1952 defendant was arraigned in the United States District Court and entered a plea of not guilty. On September 9, 1952, defendant appeared in court with his attorney, withdrew his plea of not guilty and entered a plea of guilty. Defendant expressly admitted his guilt in a somewhat lengthy colloquy between him and the Court.

Although defendant had cooperated with the police and the Secret Service agents including making a trip to Milwaukee to identify Clyde Reinhardt, an accomplice, Judge Perry imposed 15-year sentences on each of the two counts of the indictment, and directed that they be served consecutively. However, sentence on the second count was suspended, and defendant ordered to be placed on probation for five years, said probation period to commence after the expiration of the 15-year sentence imposed on count 1. Both defendant and his attorney were shocked at the severity of the sentence.

On August 3, 1954, defendant, *pro se*, filed a motion to vacate sentence and judgment, proceeding under § 2255 U.S. C., Title 28. This motion was addressed to Judge Perry who had been the judge who received defendant's plea of guilty and who had imposed sentence. In his motion to vacate sentence, defendant averred that the automobile in which he was riding at the time of arrest belonged to his companion, Terry, and that the counterfeit notes had been found on Terry's person. Defendant asserted that he had been beaten by city police while Secret Service agents looked on. Defendant claimed that he did not change his plea to guilty voluntarily; that he was denied the effective assistance of counsel; that he was illegally held for 36 hours before being taken before the Commissioner, and made other general charges of violation of his constitutional rights.

The District Court granted defendant leave to file a motion for the issuance of a subpoena, for a writ of *habeas corpus ad testificandum,* a petition for the appointment of counsel, a motion for leave to file *in forma pauperis,* and a motion to file withdrawal of his plea of guilty. The United States filed an answer to defendant's motion to withdraw the plea of guilty urging that same be denied. It also filed an answer to the motion to vacate sentence.

Judge Perry set the motion down for hearing and after several continuances a hearing was had, the defendant being personally present pursuant to the writ of *habeas corpus ad testificandum.* The court also issued a subpoena to the United States Marshal to produce certain records.

After a hearing the Court filed extended findings of fact and conclusions of law, and concluded that the defendant had not sustained the various charges which he made, and that none of his constitutional rights were violated so as to render the sentence imposed subject to collateral attack. Thereupon the Court entered an order denying the motion to vacate sentence and judgment, and denied the motion to withdraw the plea of guilty. During these proceedings the defendant was represented by Attorney Frank J. Gagen who had been appointed by the Court.

Appearing *pro se,* defendant appealed to this Court. An order was entered permitting him to appeal *in forma pauperis.* As defendant was unable to be personally present on the oral argument before this Court, the United States waived oral argument and we took the case upon the briefs and the record.

The hearing in the District Court on defendant's motions and petitions extended over a period of five days. Defendant was afforded every opportunity

to present his contentions. Attorney Gagen was zealous in defendant's behalf. Judge Perry made detailed findings of fact. Among other things he found that defendant's confession was voluntarily made and was not the result of coercion, threats, intimidations, or violence against his person; that his plea of guilty was understandingly and voluntarily made; that no promises were made that defendant would be granted probation if he entered a plea of guilty. A study of the voluminous record convinces us that such findings are not clearly erroneous.

Defendant's argument that there was unnecessary delay in taking him before the United States Commissioner cannot be sustained. He was first apprehended late Saturday night or possibly in the early hours of Sunday morning. He could not be arraigned on Sunday. He was brought before the Commissioner for arraignment on Monday at 2:00 p. m. We do not consider this to be undue delay. Tarkington v. United States, 4 Cir., 194 F.2d 63, 67.

Other points raised by the defendant have all been examined, but we deem them to be entirely without merit.

Judgment affirmed.