**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Isaac E. FOSTER, Defendant-Appellant.**

**No. 12182.**

United States Court of Appeals
Seventh Circuit.

March 17, 1958.

Rehearing Denied April 22, 1958.

Marvin S. Kayne, Skokie, Ill., for appellant.

Robert Tieken, U. S. Atty., Donald S. Manion, Chicago, Ill., John Peter Lulinski, George E. Sweeney, Asst. U. S. Attys., Chicago, Ill., of counsel, for appellee.

Before DUFFY, Chief Judge, and SCHNACKENBERG and PARKINSON, Circuit Judges.

DUFFY, Chief Judge.

Defendant appeals from an order of the District Court denying his motion for relief under Title 28 U.S.C. § 2255.

Defendant, represented by counsel, entered a plea of not guilty to the charges contained in an eleven-count indictment. Later, defendant obtained leave to withdraw his plea of not guilty and entered a plea of guilty to Counts One to Eight, inclusive, whereupon the Court granted the motion of the Government to dismiss Counts Nine, Ten and Eleven.

In Count One, defendant was charged with having stolen and carried away from a United States post office a certain validating stamp of a value less than $100 in violation of § 1707, Title 18 U.S.C. The maximum penalty for this offense is a fine of not more than $500.-00 or imprisonment for not more than one year, or both.

In Counts Two through Eight, defendant and two co-defendants, were charged with falsely making seven United States Postal Money Orders in various amounts from $90.00 to $92.00 for the purpose of obtaining certain sums of money from a United States post office, and forging thereon the initial of the issuing postal employee as the signature in violation of § 500, Title 18 U.S.C. The maximum penalty prescribed by statute for each of the offenses stated in Counts Two through Eight is a fine of not more than $5,000.00 or imprisonment for not more than five years, or both.

After being warned by the Court of the consequences of his plea of guilty, the defendant persisted therein and the Court sentenced him to five years in the penitentiary on Counts One to Eight, inclusive, but directed that said sentences run concurrently. In addition, defendant was fined $200.00.

■ The District Court was in error in imposing a sentence of five years upon Count One. The maximum prescribed penalty by imprisonment was one year. However, we hold that the error was not prejudicial because the Court had authority to impose a penalty of five years upon each Counts Two through Eight, and the sentences on all eight counts were to run concurrently. United States v. Bucur, 7 Cir., 194 F.2d 297, 299; United States v. Detente, 7 Cir., 199 F.2d 286, 287. However, defendant contends that Counts Two through Eight were insufficient to charge an offense because the indictment did not specify that the acts were done with "intent to defraud."

■ ■ The short answer to this contention is that neither at the time of his plea of guilty, nor at any time prior thereto, did defendant object to the form of the indictment. A motion under § 2255 may not be used as a collateral attack on a sentence based upon an allegedly defective indictment. United States v. Hill, 7 Cir., 240 F.2d 680; United States v. Swaggerty, 7 Cir., 218 F.2d 875; United States v. Nickerson, 7 Cir., 211 F.2d 909.

Ordinarily we would rest our decision on the foregoing statement. However, defendant who is confined, prepared the briefs on this appeal in *pro se,* and seemingly has great confidence in his contention that Counts Two through Eight are defective because there is no reference therein that the acts described were done with "intent to defraud."

It is true the first paragraph of § 500, Title 18 U.S.C. does use the phrase "with intent to defraud." However, the second paragraph of that section which covers the charges against defendant, does not contain the words "intent to defraud."

■ ■ An indictment is ordinarily sufficient that charges a statutory crime[1] substantially in the language of the statute. United States v. Ansani, 7 Cir., 240 F.2d 216. That was done in the instant case.

Mr. Marvin S. Kayne of the Chicago Bar, court-appointed counsel, presented the contentions of the defendant upon oral argument. We thank Mr. Kayne for his meritorious services.

Judgment affirmed.