Carl A. CARLSON, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 16255.

United States Court of Appeals
Eighth Circuit.

Feb. 11, 1960.

Carl A. Carlson, pro se.

Roy L. Stephenson, U. S. Atty., and Richard J. Wells, Asst. U. S. Atty., Des Moines, Iowa, for appellee.

Before JOHNSEN, Chief Judge, and SANBORN and VAN OOSTERHOUT, Circuit Judges.

JOHNSEN, Chief Judge.

Appellant pleaded guilty to all four counts in an indictment, each of which charged him with having transported, with unlawful and fraudulent intent, a forged security, in interstate commerce, in violation of 18 U.S.C. § 2314.

He was given a sentence of four years on each count, with the sentences to run consecutively, and with service of the first thereof to commence at the expiration of a ten-year term on which he was then confined in the Iowa State Penitentiary.

He subsequently sought, through this motion under 28 U.S.C.A. § 2255, to have the sentence on each count "vacated and modified". The court below denied his motion on its face, and refused him leave to appeal in forma pauperis. We permitted him so to proceed, for the reason hereinafter indicated.

The aggregate length of appellant's four sentences was 16 years. The forged securities involved had consisted of three checks in the amount of $75 each and a fourth in the amount of $50. Transportation of the three $75 checks was indicated by the indictment to have been made to the same place on the same day. Also, these three instruments were identical as to date, bank on which drawn, and name of purported drawer and of payee.

The sentencing of appellant had been able to be effected at the time, because of his execution of a consent, under Rule 20, Federal Rules of Criminal Procedure, 18 U.S.C.A., to a transfer of the charges for plea and sentence, from the Western District of Wisconsin to the Southern District of Iowa, in which the Iowa State Penitentiary was located.

The basis of appellant's motion to vacate or modify was that the court could not properly in the circumstances impose a 16-year term upon him but owed the duty of giving him minimum and concurrent terms on all the counts.

The length of the term imposed, while impressing as being rather severe, was as to each count within the limits of the statute, if there was a right to sentence him for the transportation of each check as a separate offense. No legal vulnerableness is claimed or appears to exist in the circumstances of the plea of guilty made by him, so that, if the court had a right to impose more than one sentence for the incident of combined transportation engaged in as to the three $75 checks, appellant's attack upon the extent of his punishment is without any vacative basis here.

■ Where multiple sentences are entitled to be imposed, and the limits of the statute are not exceeded as to any of the offenses, and there is no due-process vulnerableness in the sentencing proceedings, the number and extent of the sentences, and whether they shall be served concurrently or consecutively, are matters wholly for the trial court's discretion in the particular situation and cannot therefore on these aspects be either directly or collaterally attacked. Cf. Jacobsen v. United States, 8 Cir., 260 F.2d 122, 123. Affronti v. United States, 8 Cir., 145 F.2d 3, 10; Blockburger v. United States, 284 U.S. 299, 305, 52 S.Ct. 180, 76 L.Ed. 306.

We permitted a forma-pauperis appeal to be taken by appellant, as indicated above, in order to make examination of whether separate sentences were legally entitled to be imposed for his transportation of the three $75 checks, in view of the fact that there had been physically involved as to them only one carrying over or crossing of state lines by appellant.

■ Under the first paragraph of 18 U.S.C. § 2314, as to securities "stolen, converted or taken by fraud", such a

combined transportation gives rise to only one sentenceable offense. But this is because Congress has seen fit to make an interstate transportation of securities of this character constitute a federal offense only where "the value of $5,000 or more" is involved.

In the case, however, of "falsely made, forged, altered, or counterfeited" securities, covered by the third paragraph of § 2314, Congress has differently chosen and has made transportational offenses as to such securities bear no relation to the value or to any other aggregating of these securities. See United States v. Sheridan, 329 U.S. 379, 389–390, 67 S.Ct. 332, 336, 91 L.Ed. 359. Thus, the term "securities", in its use in the third paragraph of § 2314, is, for purposes of the offense with which that paragraph deals, without any qualification in the application of the definition in § 2311, which makes the word "securities" include or cover "any" instrument of the character which the paragraph forbids to be transported.

While the question was not there specifically presented, we have, in Rowley v. United States, 8 Cir., 191 F.2d 949, and in Caldwell v. United States, 8 Cir., 160 F.2d 371, and in other cases, had before us situations, such as here, involving separate convictions and sentences as to the individual securities which had been the subject of the same physical act of transportation. More directly, in United States v. Taylor, 2 Cir., 210 F.2d 110, where there had been a separate conviction as to each of 224 falsely-made, transported checks, the court reached the same conclusion as we have here and rejected the prisoner's contention that the transportation of such securities, regardless of number, could not be subjected to more than one penalty or sentence under the statute.

Appellant's motion to vacate or modify his sentences thus must legally be held to be without any basis entitling relief to be granted from the length of the term imposed upon him.

Affirmed.