George **GAMBILL**, Appellant,

v.

**UNITED STATES** of America, Appellee.

No. 13916.

United States Court of Appeals Sixth Circuit.

April 4, 1960.

William A. Ogden, Cincinnati, Ohio (Appointed by the court), George Gambill, pro se, on brief, for appellant.

N. Mitchell Meade, Asst. U. S. Atty., Lexington, Ky., Henry J. Cook, U. S. Atty., Lexington, Ky., on brief, for appellee.

Before SIMONS, Senior Judge, POPE, Circuit Judge, and O'SULLIVAN, District Judge.

SIMONS, Senior Judge.

Appellant was convicted and sentenced, after trial to a jury, for unlawfully purchasing cocaine, morphine, phensal and digalen tablets, allegedly derivatives of opium and cocoa leaves. It was discovered that phensal and digalen are not narcotics and the Government so concedes. When the chemist, who had analyzed the tablets, was called to testify, defendant's counsel stipulated that all the tablets were narcotic drugs and opium derivatives.

By reason of the fact that the indictment charged more than the Government was prepared to prove, and the stipulation covered some drugs that were not narcotics, the appellant contends that he was not given a fair trial under the Fifth and Sixth Amendments to the Constitution of the United States, in that the conviction was under an improperly drawn indictment and so the Government failed to establish the offense charged.

The challenges are thin, narrowly technical and in the face both of persuasive and controlling authority. The Government need not prove everything in an indictment but only so much thereof as establishes a violation of the statute. Unnecessary allegations are "surplusages" and can be ignored. United States v. Steiner Plastics Mfg. Co., 2 Cir., 231 F.2d 149, 152; Frazier v. United States, 82 U.S.App.D.C. 332, 163 F.2d 817, affirmed 335 U.S. 497, 69 S.Ct. 201, 93 L.Ed. 187, rehearing denied 336 U.S. 907, 69 S.Ct. 488, 93 L.Ed. 1072; United States v. Krepper, 3 Cir., 159 F.2d 958, certiorari denied 330 U.S. 824, 67 S.Ct. 865, 91 L.Ed. 1275; Bailey v. United States, 5 Cir., 5 F.2d 437, certiorari dismissed 269 U.S. 551, 589, 46 S.Ct. 12, 70 L.Ed. 427; Ford v. United States, 273 U.S. 593, 47 S.Ct. 531, 71 L.Ed. 793. Moreover, the appellant was in nowise prejudiced by the unnecessary allegations in the indictment and was adequately informed of the nature of the charge against him.

So, with the attack on the stipulation, it is clear that a court may act upon facts conceded by counsel equally as if established by the clearest proof. Oscanyan v. Arms Company, 103 U.S. 261, 263, 26 L.Ed. 539; Best v. District of Columbia, 291 U.S. 411, 415, 54 S.Ct. 487, 78 L.Ed. 882, and the reviewing court may not set aside a verdict by interfering with a stipulation of fact which the trial court has recognized. Diaz v. United States, 223 U.S. 442, 451–452, 32 S.Ct. 250, 56 L.Ed. 500. A defendant cannot seemingly acquiesce in his attorney's defense and after the trial has resulted adversely to him obtain a new trial because of the incompetency of his attorney. Tompsett v. State of Ohio, 6 Cir., 146 F.2d 95, 98, certiorari denied 324 U.S. 869, 65 S.Ct. 916, 89 L.Ed. 1424. Moreover, it is to be noted that the attorney's stipulation raises no Constitu-

tional rights but presents a question re-viewable only on appeal. Fiedler v. Shuttleworth, 6 Cir., 153 F.2d 999.

■ Finally, it may be instructive to repeat the observation of Mr. Justice Holmes, in United States v. Behrman, 258 U.S. 280, 42 S.Ct. 303, 305, 66 L.Ed. 619: "If this case raised a question of pleading I should go far in agreeing to disregard technicalities that were deemed vital a hundred or perhaps even fifty years ago."

The challenged order is,

Affirmed.