Glenn Dale CASTLE, Appellant,

v.

UNITED STATES of America, Appellee.

No. 18395.

United States Court of Appeals
Fifth Circuit.

Feb. 17, 1961.

Rehearing Denied March 22, 1961.

Bill Wardlaw Brown, Fort Worth, Tex., for appellant.

William L. Hughes, Jr., Asst. U. S. Atty., Fort Worth, Tex., for appellee.

Before TUTTLE, Chief Judge, and RIVES and JONES, Circuit Judges.

JONES, Circuit Judge.

Appellant was tried and convicted on all five counts of an indictment under 18 U.S.C.A. § 2314, which charged appellant with knowingly and unlawfully transporting was fraudulent intent five falsely made and forged American Express Company money orders in interstate commerce from Vincennes, Indiana, to Tarrant County, Texas, knowing that the money orders had theretofore been falsely made and forged.

In January, 1960, some two years after five hundred money order forms had been reported missing from a shipment from the International Business Machines plant in Greencastle, Indiana, to the American Express Company, the appellant was registered as a guest at the Western Hills Inn in Tarrant County, Texas. While registered there, appellant called an audio equipment company concerning the purchase of a stereophonic recorder. An agent of the equipment company visited appellant at the Western Hills Inn, and appellant, in an intoxicated condition, displayed a handful of American Express money orders, handed several to the agent and held up a package which he said contained more of the same. After the agent left appellant's room, he telephoned the American Express Company office to report the incident.

On January 15th, two men from the Sheriff's office went to the Western Hills Inn to observe appellant, and soon two other deputies were summoned for surveillance purposes. When appellant first emerged from his room that afternoon, he was stopped by the deputies, and he invited them back inside. A request to search the room was made by the deputies and refused by the appellant, after which one deputy left to secure a warrant, which took approximately two and one-half hours. Appellant remained in the room with the other deputies during this period. After the warrant had been secured, a search of the room and the person of appellant was conducted, and the five money orders listed in the indictment which had been filled in with the name of an apparent sender and the name of a payee in the amount of $100.00, other money orders containing no names or amounts, and receipt stubs for money orders that had been cashed, were found. These money orders contained serial numbers matching those which had been reported missing from the shipment made in 1958 from the I.B.M. plant to American Express Company.

Appellant was told that any statements he might make could be used against him, and he was also advised of his right to counsel. Appellant called two lawyers, one of whom came to appellant's room and talked with him privately. Shortly thereafter, appellant was taken to the Sheriff's office in Fort Worth, and questioned by one of the deputies. Appellant volunteered information and stated that he obtained the money orders while acting as an air-conditioning representative visiting the International Business Machines plant in Greencastle, Indiana, in June, 1958. Appellant was admitted to the American Express money order room of the plant, was left alone in the room for a brief period, slipped a package of the money orders under his jacket and took them from the plant.

Realizing the significance of appellant's statements, a deputy sheriff called an agent of the F.B.I. who then came to question appellant. The agent identified himself and told appellant that he was entitled to counsel and that he did not have to make any statement. Appellant volunteered information that he had come from Vincennes, Indiana, to Fort Worth, Texas, on the train, and that he had brought with him all the money orders which had been found during the search. He also stated that he had intended to cash these money orders and leave the country.

The appellant's first contacts with the law enforcement officers commenced on January 15, 1960, at approximately 4:30 o'clock in the afternoon. The search

warrant was brought to the room at around seven. The F.B.I. agent saw him first about 10:00 o'clock that evening and all questioning came to an end around midnight. On the following morning, without further interrogation the appellant was arraigned before the U. S. Commissioner in Fort Worth. The following Thursday, January 21, 1960, the F.B.I. agent again visited appellant and questioned him after once more warning him about any statements that he might make. On this occasion appellant told the agent that after he had taken the money orders from the plant in Greencastle, Indiana, he proceeded to Philadelphia, Pennsylvania, where he purchased a check protector which he used in Philadelphia to inscribe the amount "$100.00" on a number of the money orders, including the five described in the indictment. The appellant then disposed of the check protector. While in Philadelphia, he also inserted in the money orders a fictitious name as sender and a name as payee which he had previously used as an alias. The appellant then left Philadelphia, traveled to Europe and to South America and returned to the United States in December, 1959. Subsequently, he made the trip from Vincennes, Indiana, to Fort Worth where the events here recited took place.

The appellant now contends that his timely motion for judgment of acquittal should have been granted because the Government failed to prove all the allegations of the indictment. The indictment reads as to each of five counts that the appellant transported in interstate commerce a certain falsely made and forged security, to wit, an American Express Money Order, "the said money order being issued by the American Express Company, New York, N. Y." The appellant says that nothing in the evidence substantiates this allegation. Conversely, the evidence proves that these money orders were blanks at the time they were taken. They had not been issued by anyone, and there was no proof that they even were securities.

It is not essential that everything in an indictment be proved. It is necessary to prove only so much thereof as establishes a violation of the statute involved. Ford v. United States, 273 U.S. 593, 47 S.Ct. 531, 71 L.Ed. 793. Gambill v. United States, 6 Cir., 1960, 276 F.2d 180, 181; Bailey v. United States, 5 Cir., 1925, 5 F.2d 437, certiorari dismissed 269 U.S. 551, 46 S.Ct. 12, 70 L.Ed. 427. Appellant was indicted under 18 U.S.C.A. § 2314, which provides that whoever, with unlawful or fraudulent intent, transports in interstate commerce any falsely made or forged securities, knowing the same to have been falsely made or forged, is in violation of the statute. Appellant was charged with all these essential elements, and all were proved at his trial. Any allegation in the indictment referring to who issued the securities was mere surplusage and was not required to be proved. United States v. Steiner Plastics Mfg. Co., Inc., 2 Cir., 1956, 231 F.2d 149.

If the blank money orders were not "securities" at the time that they were taken by appellant, they certainly became such, and were forged and falsely made, when he filled in the names and amounts, which acts were performed in Philadelphia, Pennsylvania. 18 U.S.C.A. § 2311. The appellant is not accused of stealing securities, but is charged with transporting them in interstate commerce. The jury found, and there is sufficient evidence upon which to base such finding, that the Government proved that appellant transformed the blank money orders into forged and falsely made securities in Pennsylvania, and then transported them in interstate commerce to Indiana, and thence to Texas.

As to appellant's argument concerning the charge to the jury, it need only be said that it was not necessary for the trial judge to charge the jury that they must find beyond a reasonable doubt that the money orders were issued by the American Express Company, since, as we have said, this was not an essential

element of the offense which the Government was required to prove.

Appellant also urges on this appeal that his conviction should be reversed, since the evidence introduced at his trial was secured by means of an illegal search and seizure, and was, therefore, inadmissible. We think that the search of appellant's room and person was conducted under a validly issued warrant. The officers had more than a "bare suspicion" that appellant had committed or was committing an offense. They not only had the information concerning the possession by appellant of the money orders, but they had also checked his room registration and found it to be false. We think that this afforded the officers probable cause to seek a search of appellant's room. Probable cause for the issuance of a search warrant exists where circumstances before officers are such as to cause a man of reasonable prudence to believe that an offense is being committed. Evans v. United States, 6 Cir., 1957, 242 F.2d 534, certiorari denied 353 U.S. 976, 77 S.Ct. 1059, 1 L.Ed.2d 1137; United States v. Celedonia, D.C.W.D.Pa.1951, 95 F.Supp. 228. In issuing a search warrant the Commissioner must exercise his own judgment as to whether the facts in the affidavit constitute probable cause for the search warrant, and his determination is conclusive, unless judgment is arbitrarily exercised. Gracie v. United States, 1 Cir., 1926, 15 F.2d 644, certiorari denied 273 U.S. 748, 47 S.Ct. 449, 71 L.Ed. 872; Dixon v. United States, 5 Cir., 1954, 211 F.2d 547. We fail to see an exercise of arbitrary judgment in the instant case. Determining, therefore, that the search warrant was validly issued, we conclude that the evidence secured thereby was lawfully seized and admissible at appellant's trial.

We turn now to consideration of appellant's claim that his admissions to the officers were inadmissible, since he was not advised of his rights and was not taken before a magistrate before such admissions were made. Evidence showed that the appellant was told by the deputy sheriff that anything that he said could be used against him. Appellant telephoned counsel without any hindrance or objection of the officers, and the lawyer came to appellant's room and gave advice to him outside of the presence of the officers. Before each of the interviews thereafter conducted by the F.B.I. agent the appellant was again warned regarding any statements he might make. It appears, and the evidence so showing is without contradiction, that the statements made were, in fact, voluntarily given and were in no sense procured by duress, threats, promises or other coercion. If then, the statements made by the appellant on the evening of his arrest are inadmissible in evidence on his trial, it is because the time intervening between arrest and arraignment, without more, renders them inadmissible. The statements made that evening by the appellant, while inviting suspicion and suggesting inquiry, and perhaps constituting a confession of the theft of blank money order forms, did not admit the commission of a federal offense as it did not then appear, from the appellant's statements or otherwise, that the money order forms had been converted into falsely made and forged securities before being transported from one state to another. Under the circumstances the time interval was not such as to render inadmissible the statements made by the appellant on the day he was taken into custody. Carpenter v. United States, 4 Cir., 1959, 264 F.2d 565, certiorari denied 360 U.S. 936, 79 S.Ct. 1459, 3 L.Ed.2d 1548. See also United States v. Bando, 2 Cir., 1957, 244 F.2d 833, certiorari denied 355 U.S. 844, 78 S.Ct. 67, 2 L.Ed.2d 53; United States v. Hill, 7 Cir., 1957, 240 F.2d 680, certiorari denied 353 U.S. 966, 77 S.Ct. 1051, 1 L.Ed.2d 916; Himmelfarb v. United States, 9 Cir., 1949, 175 F.2d 924, certiorari denied 338 U.S. 860, 70 S.Ct. 103, 94 L.Ed. 527; McNabb v. United States, 6 Cir., 1944, 142 F.2d 904, certiorari denied 323 U.S. 771, 65 S.Ct. 114, 89 L.Ed. 616.

We have no doubt as to the admissibility of the near innocuous statements made by the appellant on the day

he was taken into custody. Even though such a doubt existed, there could be no question as to the admissibility of the really incriminating statements made on January 21, 1960, five days after his arraignment. This statement may have only supplemented and amplified the first, but the reason asserted by the appellant as a ground for the inadmissibility of the first has been removed with respect to the second confession. Once a condition which caused a confession to be inadmissible is removed, a subsequent confession of the same facts can no longer be precluded because of that condition. United States v. Bayer, 331 U.S. 532, 67 S.Ct. 1394, 91 L.Ed. 1654, rehearing denied 332 U.S. 785, 68 S.Ct. 29, 92 L.Ed. 368.

The appellant has shown no prejudicial error. The judgment of the district court is

Affirmed.

### On Petition for Rehearing.

PER CURIAM.

In a petition for rehearing the appellant asserts (a) that he was not permitted to testify at his trial, (b) that he was convicted of five offenses, one for each of the money orders, although there was only one transportation, and (c) that there was no search warrant issued as a predicate for the search which resulted in the finding of the evidence upon which he was convicted.

The appellant was represented at his trial and on appeal, although not on this application for rehearing, by counsel. The matters here raised were not asserted on the appeal. Neither is there basis for them in the record. There was no showing in the record that the failure of the appellant to testify was anything but voluntary. On the appeal it was urged that "the search warrant was illegally obtained," thus recognizing that a warrant was issued, and this fact was shown by testimony in the cause. Since the transportation of each of the money orders was a separate offense, the contention that there were multiple sentences for a single transportation cannot prevail. Carlson v. United States, 8 Cir., 1960, 274 F.2d 694; Heideman v. United States, 8 Cir., 1960, 281 F.2d 805; United States v. Taylor, 2 Cir., 1954, 210 F.2d 110.

The petition for rehearing is

Denied.