Franklin Delano **WILSON**, Appellant,

v.

**UNITED STATES of America,**
Appellee.

No. 15–70.

United States Court of Appeals,
Tenth Circuit.

Sept. 8, 1970.

James N. Penrod (argued), Penrod & Himelstein, San Francisco, Cal., for defendant-appellant.

Robert L. Meyer, U. S. Atty., David B. Fox (argued), Asst. U. S. Atty., David R. Nissen, Chief, Crim. Div., Los Angeles, Cal., for plaintiff-appellee.

Before MERRILL and DUNIWAY, Circuit Judges, and POWELL,* District Judge.

---

* Hon. Charles L. Powell, United States District Judge for the Eastern District of Washington, sitting by designation.

James L. Gilbert, Arvada, Colo., for appellant.

Robert D. McDonald, Asst. U. S. Atty., Muskogee, Okl. (Richard A. Pyle, U. S. Atty., with him on the brief) for appellee.

Before JONES*, BREITENSTEIN, and HOLLOWAY, Circuit Judges.

PER CURIAM.

The appellant, Franklin Delano Wilson, was convicted upon evidence which was more than ample to support the jury verdict of guilty of the charge of theft from the United States mails. 18 U.S.C.A. § 1708. Some of the evidence of the United States was obtained by a search of the dwelling of the appellant's mother where the appellant resided. The search was made upon the authority of a search warrant issued by a United States Commissioner on the affidavit of a Postal Inspector. At the time of the trial the search warrant and the affidavit were not in the court file. Objection was made to the admission of the evidence obtained by the search on the ground that no search warrant was produced. The objection was overruled. It was shown that the search warrant was read to the appellant's mother prior to the making of the search and that she was given a receipt for the items taken by the officers making the search. Other evidence also showed that a search warrant had been issued.

The inability to find a search warrant in the file of the court where it would normally be is not a prerequisite to the admissability of the evidence produced by the search. In such a situation the existence of the warrant may be established by other proof. Castle v. United States, 5th Cir., 1961, 287 F.2d 657; 2 Wharton's Criminal Evidence, 12th Ed. 631, § 630. After the trial the search warrant and the affidavit turned up in the office of the Commissioner and are now lodged in the court file. These are before us in a supplemental record. They are entirely regular.

No error was committed and the judgment and sentence of the district court is

Affirmed.