George Harding BRYANT, Vance W. Heideman, and Stanley V. Kessel, Petitioners,

v.

UNITED STATES of America, Respondent.

Crim. No. 8785.

United States District Court
D. North Dakota,
Southeastern Division.

May 20, 1959.

George Harding Bryant, Vance W. Heideman and Stanley V. Kessel, petitioners, pro se.

Robert L. Vogel, U. S. Atty., and Gordon Thompson, Asst. U. S. Atty., Fargo, N. D., for respondent.

RONALD N. DAVIES, District Judge.

Before the Court are the separate motions of Petitioners, Stanley V. Kessel, Vance W. Heideman and George Harding Bryant, to vacate and set aside judgment as to each of them brought under Title 28 U.S.C.A. § 2255.

Each motion will be treated individually since the bases for them are dissimilar. However, a general statement applicable to all Petitioners is necessary for a more complete understanding of what is involved.

On August 28, 1958, a complaint was filed before the United States Commissioner in Fargo, North Dakota, charging Petitioner Kessel with violation of

Title 18 U.S.C.A. § 2314. Warrant issued, and the same day Kessel was arrested in Hillsboro, North Dakota, and was immediately taken before the United States Commissioner in Fargo, North Dakota. Upon being informed of the complaint and of his rights, Kessel waived preliminary hearing and was committed to jail in default of bond.

Kessel's two companions, the Petitioners Heideman and Bryant, were arrested in Crookston, Minnesota, August 30, 1958, under warrants issued the previous day in Fargo by the United States Commissioner. The complaints, filed prior to the issuance of the warrants, charged them also with violation of Title 18 U.S.C.A. § 2314.

The Petitioners Heideman and Bryant were then taken to Fargo, North Dakota, which is less than 100 miles from Crookston, Minnesota, for appearance before the United States Commissioner. The Commissioner informed them of the complaint and of their rights. Both Heideman and Bryant then waived preliminary hearing and were committed to the Cass County, North Dakota, jail in default of bond.

On September 19, 1958, a six count indictment was returned by a Grand Jury for the District of North Dakota. Each count charged each of the Petitioners with the interstate transportation of a falsely made, forged and counterfeited security in violation of Title 18 U.S.C.A. § 2314. On September 26, 1958, the Petitioners appeared with counsel of their own choice before this Court for arraignment. After being fully informed of their rights, each entered a plea of not guilty to each of the six counts of the indictment. Trial was set for all three Petitioners for December 15, 1958.

On December 12, 1958, the Petitioners again appeared with their attorney, each requesting permission to withdraw his plea of not guilty. Their respective requests were granted, and each Petitioner then entered a plea of guilty to each of the six counts of the indictment.

On December 16, 1958, the Court sentenced Petitioners Kessel and Heideman to four year terms on each of the first five counts, to be served consecutively, and ordered them placed on probation for five years on the sixth count effective upon their release from confinement after having served the prison sentences imposed. At the same time the Petitioner Bryant was sentenced to five year terms on each of the first five counts, to be served consecutively, and was ordered placed on probation for five years on the sixth count, effective upon his release from confinement after having served the prison sentences imposed.

### George Harding Bryant

Consideration of the motion of Petitioner Bryant has been made both onerous and difficult since the Petitioner has often mis-cited cases, misquoted from cases he has cited and misunderstood the import of others upon which he relies.

Bryant contends this Court lacked jurisdiction to impose consecutive sentences on a single indictment, irrespective of the number of counts, above and beyond the maximum prescribed by statute on the first count in the indictment. The Court understands Petitioner to mean that the indictment is to be treated as one offense and not six, or that if treated as six, the maximum sentence that could be imposed would be that maximum prescribed for any one count of the indictment.

The motion Petitioner makes here is doubtless premature, (Crow v. United States, 9 Cir., 186 F.2d 704); but assuming, arguendo, that the question may be raised at this time, the problem presented to this Court is whether this Petitioner can now question the counts of an indictment to each of which he has freely and voluntarily pleaded guilty.

"A plea of guilty means guilty as charged in the indictment. If the indictment states no basis for jurisdiction, such a plea will not create a sufficient charge. However, by a plea of guilty, all averments of fact are admitted, all defects not juris-

dictional are cured, all defenses are waived and the prosecution is relieved from the duty of proving any facts. The effect is the same as if the defendant had been tried before a jury and had been found guilty upon evidence covering all material facts. Where there are several counts and there is a plea of guilty to each respectively, the sentencing court must assume that each count states a separate crime. After judgment and sentence upon such a voluntary admission by plea of guilty, the matter is concluded and no proof will be received on habeas corpus or otherwise to assail collaterally the judgment, unless absence of jurisdiction makes it void." Berg v. United States, 9 Cir., 176 F.2d 122, 125, certiorari denied 338 U.S. 876, 70 S.Ct. 137, 94 L.Ed. 537.

"As this Court said in Keto v. United States, 8 Cir., 189 F.2d 247, 249:

" 'The general rule is that, after conviction, a sentence is not open to collateral attack on the ground that the information or indictment upon which it was based was defective. A motion to vacate a judgment, under 28 U.S.C.A. § 2255, is a collateral attack upon the judgment, and only such grounds may be urged as would be available in habeas corpus proceedings. United States v. Gallagher, 3 Cir., 183 F.2d 342, 344. A judgment in a criminal case which is invulnerable to attack by habeas corpus is equally invulnerable on motion to vacate the judgment.' " Alm v. United States, 8 Cir., 238 F.2d 604, 605.

Upon the Petitioner's plea of guilty to each of the six counts of the indictment, this Court could, and rightfully did, assume that the six counts presented separate offenses and that the Petitioner's plea of guilty to the six counts of the indictment authorized the imposition of the maximum sentence upon each of the six counts. Berg v. United States, supra.

In Bridges v. United States, 9 Cir., 259 F.2d 611, 616, certiorari denied 358 U.S. 847, 79 S.Ct. 73, 3 L.Ed.2d 81, the Petitioner, after entering a plea of guilty to a two count indictment charging him in count one with a violation of the Jones-Miller Act, 21 U.S.C.A. § 174 and in count two with a violation of the Harrison Narcotic Act, 26 U.S.C.A. §§ 2553, 2557 was sentenced to five years under each count, the sentences to run consecutively. Bridges later filed a Sec. 2255 motion in which he alleged that there was an inference that the heroin referred to in the first count was also involved in the second count, and therefore, only one penalty could be imposed. Bridges, supra, is, of course, distinguishable from the case at bar since here we are concerned with six violations of the same law, whereas in Bridges both the Jones-Miller Act and the Harrison Narcotic Act were involved; but the reasoning applied in dealing with a plea of guilty to a multiple count indictment and the imposition of consecutive sentences is the same, and so as much of the Bridges case is quoted below as appears necessary to an understanding of this Court's reasoning.

"As to the 'errors' here relied on, appellant contends that the lower court was without jurisdiction to impose the second and *consecutive* sentence on Count Two; that 'as a matter of law the sentence under Count Two should have been made to run concurrently with the sentence imposed under Count One.' This argument makes clear that appellant is not challenging the *jurisdiction* of the court *to impose the two sentences so long as they were ordered to run concurrently* thereby imposing but *one punishment* under both charges. This view rests on the specific contention that 'in order that separate offenses charged in an indictment may carry different punishments, they must rest on separate and distinct criminal acts and therefore, if they were committed at the same time and were part of the

same criminal continuous act and inspired by the same criminal intent which is an essential element of each offense, they are susceptible to but one single punishment.'

"Based on the foregoing argument, appellant asserts that imposition of the second (consecutive) sentence has caused him to suffer double punishment *because of an inference* that the heroin referred to in the first count was also *involved* in the second count. From this fact he argues that since *proof* of the commission of the offense charged in Count One *involved use* of the same *evidence* relied upon to sustain the offense charged in Count Two, the claimed *use* of this evidence shows that he had committed but one offense and therefore was subject to only one penalty. This is a far from uncommon contention, and appellant cites two early cases as authority to sustain it, Munson v. McClaughry, 8 Cir., 1912, 198 F. 72, 42 L.R.A.,N.S., 302, and Stevens v. McClaughry, 8 Cir., 1913, 207 F. 18, 51 L.R.A.,N.S., 390.

"The above noted argument advanced by appellant is utterly void of merit. When he waived trial on the merits by entering a plea of guilty on both counts, he thereby deliberately (and as a matter of law) relieved the Government of the necessity of introducing *proof of any sort* to fully sustain the specific allegations set forth in each of the first two counts of the instant indictment. His plea of guilty constituted an admission of guilt and in itself furnished all necessary 'proof,' and we so hold. As a matter of law his plea of guilty on the two counts here involved was, in itself, a conviction under each of these counts. See Berg v. United States, 9 Cir., 176 F.2d 122, certiorari denied 338 U.S. 876, 70 S.Ct. 137, 94 L.Ed. 537.''

Petitioner Bryant has submitted a brief in support of his motion citing numerous cases he contends support his position. The first of these is Coy v. Johnson, cited as *139* F.2d 818. Apparently Petitioner referred to Coy v. Johnston, 9 Cir., *136* F.2d 818. Petitioner cites this case as holding that "The Courts of original jurisdiction shall have both concurrent and consecutive jurisdiction provided there be several proceedings within several indictments, but Courts shall not execute a consecutive judgment against a defendant upon a single indictment containing several counts." A reading of the case discloses no such verbiage. The case has no application here.

Next Bryant cites Logan v. United States, *114* U.S. 263. It is believed Petitioner is referring to Logan v. United States, *144* U.S. 263, 12 S.Ct. 617, 36 L.Ed. 429. Bryant cites this case as holding that "Several offenses cannot be created out of the same criminal act, if two indictments or two counts and one indictment are, element for element necessary. Allegations and proof that the charges are but one offense, and the Petitioner cannot be tried for separate offenses." There is no such phraseology in Logan v. United States, supra, nor does the case so hold.

Bryant next cites Smith v. United States, *265* F.2d 489. Obviously this petitioner has available to him works not available to United States Judges since the latest bound volume of the Federal Reporter, Second Series, known to exist on the date of this opinion is Volume *261*, and advance sheets have been published only for Volume *264*.

■ The remainder of the cases cited by Petitioner Bryant deal either with abstract propositions of law having no application here or with cases without bearing on his motion. Petitioner Bryant maintains that each count of the indictment is identical with the others, supported by the same evidence, required the same intent, and therefore, a sentence on each count amounts to double jeopardy. If the petitioner so felt, he should have and could have entered a plea of not guilty and left the Government to its proof. As each of the six counts in this

case deal with a different security, this Court on a plea of guilty must assume that each states a separate and distinct offense.

The Petitioner Bryant is not new to the courtroom or to court procedures. He is an adult with a criminal record. In court with capable counsel of his own choice and in spite of the lengthy colloquy between Court and Petitioner, he voiced no objection to the imposition of the separate and consecutive sentences at the time they were handed down, even though before sentencing Petitioner the Court made it crystal clear it would not follow the recommendation of the Government for the imposition of a five year sentence and in spite of the fact that the record discloses the following statement after imposition of sentence on this petitioner:

"The Court: In order that this record may be unequivocally clear, it is the intention and order of this Court that each of the five year sentences imposed shall be served consecutively and not concurrently, and that the probation shall be effective upon your release after each sentence shall have been served."

■ If this Court were to grant the motion of the Petitioner Bryant, it would be forced to conclude that a plea of guilty to a multiple count indictment should never be entertained without first having the United States Attorney present sufficient proof to establish that each count was a separate and distinct criminal offense; but the rule is that a plea of guilty, understandingly given, removes this burden and this is especially true where, as here, the defendant is represented by competent counsel of his own choice.

■■ There are also procedural reasons why Bryant's motion must be denied. When dealing with the question of whether the counts of the indictment charge six offenses or one, the rule is that an indictment, the sufficiency of which is not questioned on the trial, will not be held insufficient on a motion to vacate the judgment entered thereon. Martin v. United States, 101 U.S.App.

D.C. 329, 248 F.2d 651. Even though it be assumed that each count of the indictment was based upon one offense, it is universally held that a motion to vacate a sentence or an application for writ of habeas corpus may not be a substitute for an appeal. Rowley v. United States, 8 Cir., 191 F.2d 949.

In affirming a denial of motion to vacate sentence imposed upon a defective count in an information to which the Petitioner had pleaded guilty, the Court of Appeals for this Circuit held that: "We agree that the second and third counts of the information were defective; but we cannot agree that they, or either of them, were or are subject to collateral attack or that the court was without jurisdiction to impose the sentence now challenged. (Cases cited.) It is only under exceptional circumstances that the sufficiency of an indictment or information may be made the subject of a collateral attack after conviction." Barnes v. United States, 8 Cir., 197 F.2d 271, 273.

### Vance W. Heideman

■ The Petitioner Heideman alleges he was denied due process of law. He first complains that he was arrested without warrant and before a complaint had been filed with the United States Commissioner. The record clearly discloses the Petitioner is in error. The actions of those persons acting under authority of the United States were in conformity with Rules 3, 4 and 5, Federal Rules of Criminal Procedure, 18 U.S.C.A.

Heideman next alleges he was detained 73 hours before arraignment. Again Petitioner is in error. The record shows that immediately after his arrest by federal officials, he was taken before a United States Commissioner, and a few days after the indictment was returned he appeared before this Court.

■ Heideman next complains that he was removed from the District of Minnesota to the District of North Dakota without his consent and without a removal hearing. Rule 40, F.R.Cr.P., provides that if one is arrested on a warrant issued upon a complaint in a dis-

trict other than the district of the arrest, but in the same state, or on a warrant issued upon a complaint in another state, but at a place less than 100 miles from the place of arrest, " * * * he shall be taken before the nearest available commissioner * * * and if held to answer, he shall be held to answer to the district court for the district in which the prosecution is pending * * *".

The Advisory Committee on the Rules said of the foregoing section that " * * * The provision as to arrest in another State but at a place less than 100 miles from the place where the prosecution is pending was added in order to preclude obstruction against bringing the defendant a short distance for trial."

In his article, "Reform of Federal Criminal Procedure," 3 F.R.D. 445, Judge Alexander Holtzoff had this to say at page 451:

" * * * two drastic and distinct innovations have been introduced into the law of removal by the new rules. First, a demarcation is made between an arrest in a district nearby to that in which the prosecution originated and an arrest in a distant district. The first category comprises arrests made in a district within the same state as that in which the prosecution is pending, or in another state but at a point not more than 100 miles from the place where the warrant issued. *. * * No removal proceedings would be required in respect to arrests in the first of these classes. In that event, the arrest would be treated in the same manner as an arrest within the district of the prosecution. * * *"

██ This Court takes judicial notice that the official distance between Crookston, Minnesota, and Fargo, North Dakota, is less than 100 miles.

██ Moreover, the Petitioner Heideman was brought before the United States District Court and once he was there the Court had, and was bound to exercise, complete jurisdiction over him. Irrespective of the manner in which the Petitioner was actually present in open court, the fact is that he was there. Had the Petitioner desired to object to the jurisdiction of the Court over his person, he should have raised that question specifically before he entered a plea. Once Heideman had entered a plea of guilty to the counts contained in the indictment he waived any such objection. United States v. Williams, 7 Cir., 212 F.2d 786.

██ Heideman next contends he was denied counsel for ten days after his arrest. The 6th Amendment to the Constitution provides that "In all criminal prosecutions, the accused shall enjoy the right * * * to have the Assistance of Counsel for his defense." It will be noted, however, that the right guaranteed by this Amendment does not accrue until an indictment is returned or an information or other like charge is lodged against him. State of Utah v. Sullivan, 10 Cir., 227 F.2d 511. Even where the accused is not represented by counsel at a preliminary hearing, it has been held that the constitutional provision contains no express or implied command that an accused shall be furnished counsel at that time. See State v. Sullivan, supra.

██ In Council v. Clemmer, 85 U.S. App.D.C. 74, 177 F.2d 22, certiorari denied 338 U.S. 880, 70 S.Ct. 150, 94 L.Ed. 540, the Court held that the right relates only to proceedings in court and not to preliminary proceedings before a committing magistrate. Heideman had more than ample time to consult with his attorney both before and after indictment. He was represented by counsel of his own choosing at the time he entered his plea of not guilty and was represented by the same lawyer some three months later when he changed his plea to guilty. He had at all times the effective aid of counsel.

Petitioner has addressed himself to the doctrine enunciated in McNabb v. U. S., 318 U.S. 332, 63 S.Ct. 608, 87 L.Ed. 819. McNabb has no application whatever to the Petitioner Heideman's motion. It will be remembered that Heideman appeared in open court to answer to a six count indictment, that he was represented by experienced counsel, that he re-

quested and was given permission to change his plea from not guilty to guilty, that he was examined at length by the Court prior to sentence, that he made no mention of a confession, that no confessions were offered or attempted to be offered in evidence, and that every act and deed of the Petitioner Heideman was done by him freely and voluntarily.

### Stanley V. Kessel

The Petitioner Kessel bases his motion to vacate and set aside his sentence on the ground that his plea of guilty to each of the six counts of the indictment was coerced. He alleges that an Assistant United States Attorney promised him a five year prison term for a plea of guilty.

In the first instance it is pointed out that United States Judges are not in any manner bound by the recommendation of United States Attorneys or their assistants. This Court has not discussed, does not discuss and will not discuss with anyone sentences to be imposed in criminal cases.

The only "conversation" Petitioner Kessel alleges he had personally with the Assistant United States Attorney allegedly took place on December 13, 1958, and, according to the petitioner, took place in the courtroom after Kessel and his co-defendants had returned to change their pleas from "not guilty" to "guilty." Petitioner alleges that the Assistant United States Attorney said, "Did Ed (petitioner's attorney, Edward J. Murphy) tell you about our talk?" and also, "You will be saving yourselves a lot of trouble and us too if you do change your plea. I will ask the Court for five year terms, and I am sure the Court will be just as happy to dispose of this matter as we are." Kessel then correctly states that the Assistant United States Attorney did recommend five years in prison and correctly states that this Court did not follow such recommendation.

If it be the decisional law of the land that any criminal may, no matter how unsavory his criminal record, obtain a hearing under 28 U.S.C.A. § 2255, by merely filing a motion alleging, as here, that he was "coerced" by the promise of a five year sentence allegedly made by an Assistant United States Attorney, then any confined felon in the land needs but make the same representation and thus secure a hearing. I do not so construe the decided cases.

Let us see whether Kessel was coerced. In the first place, he is not an ignorant man who was or could be wheedled, coaxed or frightened into entering a plea of guilty without knowledge of its consequences. It can be reasonably assumed that most defendants pleading guilty are aware of the punishment applicable to their crime and plead in the hope of receiving leniency. United States v. Harris, 2 Cir., 160 F.2d 507. Kessel had competent counsel. Moreover, with his criminal record he was no stranger to the courtroom. Surely it is not unreasonable to suggest that he knew Courts, not United States Attorneys or their assistants, hand down criminal sentences.

Perhaps we have misunderstood the meaning of "coercion." In its generally accepted meaning coercion is the application to another of such force, either physical or moral, as to constrain him to do against his will something he would not otherwise have done. This petitioner and his co-defendants were told at the outset the Court could not agree with the Government's recommendation of a five year sentence. Kessel, as the record will disclose, was interrogated at some length before imposition of sentence. Although afforded the opportunity, never once during the sentencing proceedings did he or his attorney so much as intimate or mention any promise that may have been made nor did the petitioner at any time suggest that on entering his plea he had relied thereon. Can it be said on this record that the Petitioner Kessel was constrained to do something against his will? This Court thinks not. Kessel's guilt was established by his plea of guilty, and even in his motion to vacate he does not deny it.

While, in truth, it may be speculation, this Court thinks it not unreasonable to

suggest that the naked fact of the matter is that Kessel received a sentence longer than he expected and now seeks to have judgment vacated upon grounds considered to be wholly without merit.

## Conclusion

The Court has carefully examined the records and files herein and considered the arguments advanced by the three Petitioners, and having done so, is of the opinion that the records and files show conclusively that the Petitioners are entitled to no relief as a matter of law and that there are no substantial issues of fact which require production of the Petitioners, or any of them, for a hearing in this Court.

For the reasons hereinbefore set out, the motions of George Harding Bryant, Vance W. Heideman and Stanley V. Kessel, respectively, to vacate and set aside judgment herein, and each of said motions will be denied without oral hearing.

The attorneys for the United States will prepare an order in conformance.

It is so ordered.