George Harding BRYANT, Vance W. Heideman, and Stanley V. Kessel, Petitioners,

v.

UNITED STATES of America, Respondent.

Cr. 8785.

United States District Court
D. North Dakota,
Southeastern Division.

Dec. 9, 1960.

P. W. Lanier, Jr., Fargo, N. D., for petitioner, George Harding Bryant.

Edward J. Murphy, Fargo, N. D., for petitioners, Vance W. Heideman and Stanley V. Kessel.

Robert L. Vogel, U. S. Atty., Fargo, N. D., for respondent.

RONALD N. DAVIES, District Judge.

The matter now before the Court stems from the application of the three petitioners herein, Bryant, Heideman and Kessel, for vacation of their sentences under 28 U.S.C. § 2255. The motions were denied. Bryant, Heideman and Kessel v. United States of America, D.C., 173 F.Supp. 574. Reference to that opinion obviates the necessity for repetitious restatement of background.

Thereafter petitioners appealed to the Court of Appeals for the Eighth Circuit which, although petitioner Kessel alone in a *prior* motion brought under Section 2255 claimed coercion in his plea entry which was denied and from which no appeal was taken and although petitioners Bryant and Heideman raised in the Circuit Court only the issue of whether multiple counts of the indictment constituted but a single offense, nevertheless, held " * * * that under the peculiar circumstances of this case * * * the allegations of the motion, if true, form a basis for relief." Heideman et al. v.

United States of America, 281 F.2d 805, 809.

Agreeable to the mandate of the Court of Appeals a plenary hearing was held in the United States District Court in Fargo, North Dakota, October 14, 1960, with all three petitioners personally present. Petitioners Heideman and Kessel were represented by Mr. Edward J. Murphy, Fargo, the same lawyer who had represented all three petitioners in 1958. Petitioner Bryant was represented by Mr. P. W. Lanier, Jr., Fargo, serving by Court appointment.

At the conclusion of the hearing attorneys for the petitioners and the respondent were given leave to file briefs which, together with the evidence and argument of counsel, have been carefully studied and considered.

Upon the hearing petitioners were afforded full opportunity to assert any reasons or contentions they had or felt they had for vacation of their respective sentences, their petitions being treated as motions to vacate under 28 U.S.C. § 2255.

The four contentions urged by petitioners will be considered separately.

1. *Their pleas were not voluntary but were coerced from petitioners.*

The testimony clearly shows that all three petitioners entered their pleas of guilty voluntarily and without coercion. Petitioner Kessel conceded that Assistant United States Attorney, Gordon Thompson, in charge of the respondent's case, had said he would recommend five years but that he did not know what the Court would do; petitioner Heideman conceded he understood the Court might not go along with the Government's recommendation and that he knew the Government's recommendations were not always followed since he had been in court when the same Judge in another case had not followed the Government's recommendation; petitioner Bryant conceded he was gambling on what sentence might be imposed, but that he was hopeful the recommendation would be followed.

Assistant United States Attorney Thompson testified he had told all three petitioners in the presence of their own attorney, Mr. Murphy, that he would recommend five years but could neither control nor predict what the Court would do. To this Mr. Thompson testified Mr. Murphy responded, "I have already told them that."

Significantly, Mr. Murphy was never called to testify or rebut this or other unequivocal testimony by Mr. Thompson nor did Mr. Murphy testify as to petitioners' claims that he had told them that United States Attorney Robert L. Vogel had said to him (Mr. Murphy) that he could convict all petitioners on all counts, the penalty for which would be sixty years.

The record shows that Mr. Murphy did not in any manner participate in the proceedings. It is clear to this Court why Mr. Murphy did not testify at all, and in so stating no inference of improper motive, methods or conduct is imputed to Mr. Murphy. He had been engaged by these petitioners in 1958 and was bound by the attorney-client privilege from which no offer was ever made to release him by any of the petitioners here.

The petitioners here, though in court together hearing one another's testimony, were wholly unable to fashion a case for coercion that would meet any test. The testimony demonstrated to the complete satisfaction of the Court that there were no promises whatever made to the petitioners here as to what sentence they would receive; that they did not rely upon any recommendation made by Assistant United States Attorney Thompson since they knew they were recommendations only; that there was no coercion or duress whatever exercised upon the petitioners or any of them; and that their pleas were made voluntarily and with complete understanding of the nature of the charges against them.

Counsel for petitioners in their supporting brief urged that Rule 11, F.R.Cr. P., 18 U.S.C., was not followed and cite Shelton v. United States, 5 Cir., 246 F.2d

571, 572, for the proposition that the Court shall not accept a guilty plea without first determining that it is voluntary and with an understanding of the nature of the charge.

■ Let us see what petitioners have done with Shelton. They have stated that Rule 11 is mandatory. Agreed.

What they did not quote from Shelton was the following language:

"The requirement of Rule 11, Federal Rules of Criminal Procedure, 18 U.S.C.A., that a trial court 'shall not accept the plea [of guilty] without first determining that the plea is made voluntarily * * *' is mandatory. However, there is nothing in the rule or in the protection it seeks to afford an accused that a certain form of finding must be entered in the record to support the court's discharge of this duty if later questioned: United States v. Swaggerty, 7 Cir., 218 F.2d 875. We think that where in a later inquiry the court finds that the plea was actually made voluntarily this later finding is entitled to the same weight and respect on appeal as is any other fact determination which it is the court's duty to make." Shelton v. United States, supra, 246 F.2d at pages 572, 573.

At the time these three petitioners entered their pleas of guilty the Court was satisfied their pleas were voluntary or they would not have been accepted. After this plenary hearing the Court is convinced that all three guilty pleas were voluntarily entered.

2. *That because the six securities, the transportation of which is the corpus of the offense, were all carried in one automobile on one trip at one time, multiple convictions are not authorized by the statute defining the crime and setting the punishment* (18 U.S.C. § 2314).

■ This contention is wholly without merit and is, moreover, *res judicata.* Heideman et al. v. United States, supra, 281 F.2d at page 809.

3. *That petitioners have been victims of an unlawful search and seizure.*

■ Beyond the mere claim of unlawful search and seizure the petitioners failed to demonstrate at the hearing on their motions why or how such defense was available to them or any of them. In any event it is well settled that a plea of guilty is an admission of guilt, a waiver of all non-jurisdictional defects and defenses, and an admission of all the facts averred in the indictment. Lipscomb v. United States of America, 8 Cir., 1960, 273 F.2d 860, 865.

4. *That the sentences were too severe.*

■ This Court had before it the three petitioners here, Bryant, Heideman and Kessel, had available to it pre-sentence reports on the petitioners; and as the record of imposition of sentence discloses, questioned each petitioner at length prior to sentence.

The Court of Appeals for this Circuit as late as January 27, 1960, held "As the court imposed sentences authorized by statute, the reasonableness of the sentences is not a matter which we may review." Lipscomb v. United States, supra, 273 F.2d at pages 864, 865.

In Affronti v. United States, 8 Cir., 145 F.2d 3, 10, the Court said:

"The court imposed a sentence authorized by statute. This Court cannot concern itself with the question of the reasonableness of the sentence. 'Where a District Court imposes a sentence authorized by a statute of the United States, it commits no error of law.' Holmes v. United States, 8 Cir., 115 F.2d 528, 529; Johnson v. United States, 8 Cir., 126 F.2d 242, 251; Holmes v. United States, 8 Cir., 134 F.2d 125, 135."

Conclusion

The Court has afforded these three petitioners an opportunity during a plenary hearing to urge any grounds whatever upon which relief could be granted to any or all of them and expresses its appreciation to Court-appointed counsel, Mr. P. W. Lanier, Jr., Fargo, N. Dak.,

for his diligence and thoroughness during the hearing and in preparation of the brief of petitioners to which he was signatory.

Nevertheless, careful consideration of the evidence, arguments and briefs convinces this Court that petitioners and each of them have failed completely to sustain a single contention upon which relief might be granted.

For the reasons assigned herein the motions of George Harding Bryant, Vance W. Heideman and Stanley V. Kessel, respectively, to vacate their respective sentences under 28 U.S.C. § 2255, and each such motion is in all things denied.