Stanley V. KESSEL, Vance W. Heideman, and George Harding Bryant, Appellants,

v.

UNITED STATES of America, Appellee.

No. 16688.

United States Court of Appeals Eighth Circuit.

June 4, 1962.

Typewritten brief was filed by appellants Stanley V. Kessell, Vance W. Heideman and George H. Bryant who are incarcerated at the United States Penitentiary.

Robert Vogel, U. S. Atty., and Gordon Thompson, Asst. U. S. Atty., Fargo, N. D., filed brief for appellee.

Before JOHNSEN, Chief Judge, and WOODROUGH and MATTHES, Circuit Judges.

PER CURIAM.

On September 19, 1958, an indictment in six counts was filed against the appellants, each count charging that on August 27, 1958, the appellants transported in interstate commerce a falsely made, forged and counterfeit security, to wit, a money order. Upon their pleas of guilty Kessel and Heideman were each sentenced to four years on each of the first five counts, the sentences to run consecutively, and Bryant was sentenced to five years on each of the first five counts to run consecutively. Additionally, on the sixth count each was placed on probation for a period of five years to commence with the expiration of service on the fifth count.

In March, 1959, appellants filed separate motions to vacate the sentences under 28 U.S.C.A. § 2255. The trial court denied these motions on May 20, 1959. Bryant v. United States, D.C., 173 F.Supp. 574. No appeal was taken from that order. In September and October, 1959, separate motions were filed by appellants to correct the sentences under Rule 35 of the Federal Rules of Criminal Procedure.[1] In these motions the appellants asserted that the transportation of the six securities which were the subject of the same physical act, constituted only one offense and that the court erroneously concluded that six separate offenses had been committed, and therefore exceeded its jurisdiction in imposing six separate sentences. The trial court treated these motions as seeking relief under Title 28 U.S.C.A. § 2255, and on December 4, 1959, denied the motions without a hearing. On appeal, this court, on the basis of our holding in Carlson v. United States, 8 Cir., 274 F. 2d 694, and United States v. Taylor, 2 Cir., 210 F.2d 110, held that, notwithstanding the six securities were transported on one trip and at one time by appellants, each security so transported constituted a permissible unit of prosecution, 8 Cir., 281 F.2d at p. 809; however, the cause was remanded, with Judge Vogel dissenting, for hearing on the issue of whether the appellants' pleas of guilty were obtained from them unfairly and involuntarily.

■ After remand, the district court, on October 14, 1960, conducted a plenary hearing on the motions and afforded the appellants, who were personally present and testified, the opportunity to present any question or issue going to the validity of the judgments and sentences. That hearing was focused principally upon the circumstances under which the pleas of guilty were entered. The court denied the motions and filed a memorandum opinion, Bryant v. United States, D.C., 189 F.Supp. 224. As reference to the court's opinion will disclose, the court found that there was no coercion or duress exercised upon appellants, or any of them, and that their pleas of guilty were voluntarily made with complete understanding of the nature of the charges against them. The record of what transpired prior to and at the time the pleas of guilty were entered, satisfies us that the court's finding on that issue is correct, and accordingly is affirmed.

On this appeal appellants again contend that only one offense was commit-

---

**I.** Rule 35, Federal Rules of Criminal Procedure, 18 U.S.C.A., provides that the court may correct an illegal sentence at any time.

ted in the simultaneous transportation of the six securities, and that the court's imposition of a sentence on each of the six counts of the indictment is illegal.

██ Since our former opinion, 8 Cir., 281 F.2d 805, August 10, 1960, the Supreme Court of the United States resolved the question in Castle v. United States, 368 U.S. 13, 82 S.Ct. 123, 7 L.Ed. 2d 75, by holding that simultaneous transportation of more than one falsely made money order constitutes but a single offense under Title 18 U.S.C.A. § 2314. In light of Castle, supra, and inasmuch as it plainly appears that appellants are seeking relief under Rule 35, Federal Rules of Criminal Procedure, we vacate the order of the district court, and remand the cause for correction of the illegal sentences involved.