Harold Ray AMER, Appellant,

v.

**UNITED STATES of America, Appellee.**

No. 18215.

United States Court of Appeals
Eighth Circuit.

Nov. 9, 1966.

As Amended Dec. 5, 1966.

Kenneth K. Simon, Kansas City, Mo., submitted printed brief without oral argument.

Bruce C. Houdek, Asst. U. S. Atty., Kansas City, Mo., for appellee. F. Russell Millin, U. S. Atty., Kansas City, Mo., was with him on the brief.

Before VOGEL, Chief Judge, and VAN OOSTERHOUT and LAY, Circuit Judges.

VOGEL, Chief Judge.

Defendant-appellant, Harold Ray Amer, was charged in a four-count indictment with transporting or causing to be transported four forged checks in interstate commerce in violation of 18 U.S.C.A. § 2314. Each forged check was the basis of one count. Upon appellant's plea of guilty to all four counts, he was sentenced to a term of imprisonment for one year and one day upon each count, such sentences to be served consecutively commencing upon the expiration of a prior state sentence. Motion was made by appellant, pursuant to 28 U.S.C.A. § 2255, to vacate or correct an illegal sentence wherein he claimed that the four checks traveled simultaneously in interstate commerce and hence must be viewed as one unit of prosecution rather than four. A hearing was held by Judge Hunter upon the motion and the findings being adverse to appellant, the petition was denied. This appeal followed. The sole ground urged is that the court erred in finding that no two checks traveled simultaneously in interstate commerce and therefore erred in denying appellant's motion to vacate or correct sentence. We affirm.

Appellant Amer had, on August 28, 1956, passed four forged checks, each in a different business establishment, three in Leavenworth, Kansas, and one in Kansas City, Kansas. All of these checks were drawn on the Baltimore Bank of Kansas City, Missouri, and hence for final payment they would have to clear through the drawee bank, which necessitated their movement through banking or business channels across state lines. Upon negotiation in Leavenworth, the four forged checks did not follow the same pattern of interstate transport and

clearance. Exhibit 1, which is the basis of Count II, was transported from Leavenworth, Kansas, to Kansas City, Missouri, by private messenger. Exhibit 2, which pertains to Count III, was mailed by the original recipient of the check in Leavenworth directly to its bank in Kansas City, Missouri. Exhibits 3 and 4, upon which Counts IV and I are respectively based, were deposited by the original recipients of the forged checks in a Leavenworth bank which in turn transmitted the checks by mail for clearance in Kansas City, Missouri.

Appellant claims that since Exhibits 2, 3 and 4 traveled by United States mail between Leavenworth and Kansas City, Missouri, and since there are only two principal night mail trains over this route, at least two of the checks must have traveled simultaneously in one of the trains. He says that because of this simultaneous transport of at least two of the checks, there would have been an absolute maximum of three prosecutable offenses under 18 U.S.C.A. § 2314 and that sentence upon one of the counts is therefore illegal and should have been vacated.

■■■ Appellant was not responsible for the actual interstate transportation of the forged checks but by negotiating out-of-state forged securities in Kansas appellant *caused* these securities to be transported in interstate commerce in violation of 18 U.S.C.A. § 2314. It is clear that *causing* transportation of forged securities in interstate commerce by negotiation is a violation of the Code provision which will serve as the basis for prosecution and no personal transportation or mailing of the securities by the defendant need be shown. Pereira v. United States, 1954, 347 U.S. 1, 8, 74 S.Ct. 358, 98 L.Ed. 435; Halfen v. United States, 10 Cir., 1963, 324 F.2d 52, 55. The essence of appellant's claim here is that if by some happenstance the securities he negotiated moved simultaneously in the stream of interstate commerce, there is a merger of transactions and only one prosecutable offense results. It has been clear since Bell v. United States, 1955, 349 U.S. 81,

75 S.Ct. 620, 99 L.Ed. 905, that several criminal offenses cannot be carved out of what is in fact one transaction. See, e. g., *Castle v. United States*, 1961, 368 U.S. 13, 82 S.Ct. 123, 7 L.Ed.2d 75; *Strickland v. United States*, 8 Cir., 1964, 325 F. 2d 970; *Kessell v. United States*, 8 Cir., 1962, 303 F.2d 563. Three of the above-cited cases—*Castle, Strickland* and *Kessell*—involved the interstate transportation of forged securities in violation of 18 U.S.C.A. § 2314. Appellant places principal reliance in these cases, claiming they establish that where several forged checks or money orders travel simultaneously in interstate commerce there is but one violation of 18 U.S.C.A. § 2314 and they thus control the permissible units of prosecution in the instant case. The precise holding of *Castle* and *Kessell* was that where defendant retained within his possession and personally transported forged securities in interstate commerce, upon arrest he could be prosecuted for only one violation of 18 U.S.C.A. § 2314. This is a far different situation from that presented by the instant case wherein appellant released all dominion over the forged securities at the time of negotiation and caused each one to move in interstate commerce. *Strickland* involves a factually similar situation but does not adhere to the rule propounded by appellant. Therein this court stated, at page 972 of 325 F.2d:

> "Even if we assume, *which we do not,* that the rule promulgated in *Castle,* supra, is to control where two or more illegal checks are drawn in separate transactions in one state on a bank in another state and through the coincidence of business and banking procedures the checks are transported simultaneously in interstate commerce, we would nevertheless and for the reasons above stated, be required to sustain the action of the lower court." (Emphasis supplied.)

The court clearly did not apply the *Castle* rule in the situation where personal control over the forged securities had been released through negotiation.

■■ The test long accepted for determining whether there is an identity of offenses is "whether the same evidence is required to sustain them". *Morgan v. Devine*, 1915, 237 U.S. 632, at 641, 35 S. Ct. 712 at 715, 59 L.Ed. 1153. See, also, *Wilburn v. United States*, 5 Cir., 1964, 326 F.2d 903; *Rayborn v. United States*, 6 Cir., 1956, 234 F.2d 368. Because in the instant case the indictment rests upon four separate negotiations of forged instruments, each of which caused a security to be transported in interstate commerce, it is clear that had there been no pleas of guilty and the case gone to a jury trial, separate evidence would have been required to establish each count. When this identity of offenses test is viewed in light of the established principle that *causing* the transportation in interstate commerce of forged securities suffices as a basis of prosecution, it appears evident that appellant caused four distinct transactions which resulted in four separate units of prosecution.

■■ Even if appellant's argument were adopted and the units of criminal prosecution were made dependent upon the happenstance of bank transmission procedure, he cannot prevail upon the facts of this case. Appellant must bear the burden of proof in a collateral attack upon his sentence. *Strickland v. United States*, supra, 325 F.2d at 972. In the instant action he must show that at least two of the forged checks constituting Exhibits 2, 3 and 4 while in the United States mail were simultaneously transported in interstate commerce. By establishing that there were two major mail trains leaving Leavenworth the night of the business day on which the forged checks were negotiated and that all cash items are taken to the Leavenworth bank the day they are received, appellant has presented the *possibility* that the forged checks were simultaneously transported but this possibility is far from persuasive in light of a postal official's statement concerning mail trains to the effect that daily at the time in question " * * * there would be five or six trains coming from Leaven-

worth," and that although most of the afternoon mail is carried on the two principal night trains, he was not certain as to whether or not other trains transported this mail at that time. In light of the ambivalent nature of the testimony on this crucial point, Judge Hunter must be upheld in finding that appellant had failed to meet the burden of proof which requires him to decisively show whether any of the checks traveled simultaneously in interstate commerce and therefore constitute but one unit of prosecution.

 It is well established that the findings of the District Court are presumptively correct and must be sustained if not clearly erroneous. Lipscomb v. United States, 8 Cir., 1954, 209 F.2d 831, 834–835. The court's findings were here not clearly erroneous.

Affirmed.