**UNITED STATES of America**

**v.**

**Robert Lincoln PETERS.**

**Crim. No. 77–160.**

United States District Court, District of Columbia.

June 15, 1977.

Earl J. Silbert, U. S. Atty., Robert M. McNamara, Asst. U. S. Atty., Washington, D. C., for the U. S.

Ed Wilhite, Washington, D. C., for defendant.

## MEMORANDUM OPINION

WADDY, District Judge.

Robert Lincoln Peters, defendant in this criminal case, was arrested January 18, 1977 and charged in a criminal complaint with interstate transportation of a forged security, a check, in violation of 18 U.S.C. § 2314. At a preliminary hearing held January 28, 1977 probable cause was shown and that case was held for grand jury action. March 21, 1977 the Government dismissed that criminal complaint.[1]

On March 23, 1977 Peters was charged in this case by a grand jury original indictment with four counts of interstate transportation of altered securities in violation of 18 U.S.C. § 2314 and five counts of uttering and forgery in violation of 22 D.C. Code § 1401. The eighth and ninth counts of this indictment charged violations pertaining to the check which was the subject of the previously dismissed complaint. Defense counsel moved to dismiss the indictment, alleging prejudicial pre-arrest delay and failure to comply with the Speedy Trial Act[2] and our Local Rule (L.R.) implementing that Act.[3]

Following hearing and argument on that motion, this Court dismissed the eighth and ninth counts of the indictment for failure to indict within the Speedy Trial time limit, took the remainder of defendant's motion under advisement, and ordered additional briefing by counsel with respect to the remaining counts. For reasons to be stated herein, this Court has now concluded that defendant's motion to dismiss the other seven counts of the indictment should be denied.

### Counts Eight and Nine

■ Local Rule 2–7 4(a), concerning the time within which an indictment must be filed, provides, in pertinent part:

(a) *Time Limits.* If an individual is arrested or served with a summons and the complaint charges an offense to be prosecuted in this court, any indictment or information subsequently filed in connection with such charge shall be filed within the following time limits:

\* \* \* \* \* \*

(2) If the arrest or service occurs on or after July 1, 1976, but before July 1, 1977, within 45 days of arrest or service;

---

1. A praecipe dismissal form was signed on March 14, 1977, but was not filed until March 21, 1977 "for some unknown reason." Opposition to Defendant's Motion to Dismiss the Indictment, filed April 20, 1977, at 1.

2. Speedy Trial Act of 1974, Pub.L. No. 93–619, 88 Stat. 2076, codified in 18 U.S.C. §§ 3161–3174.

3. L.R. 2–7 adopted pursuant to 18 U.S.C. § 3165 to implement the Speedy Trial Act of 1974.

In the event the Government files superseding charges, our Rule 2–7 4(b) further provides:

(b) *Superseding Charges.* If, after a complaint has been filed, an indictment or information is filed which charges the defendant with the same offense or with an offense required to be joined with that offense, the time limit applicable to the subsequent charge will be determined as follows:

\* \* \* \* \* \*

(3) If no complaint is filed or if the original complaint was dismissed on motion of the United States Attorney before the filing of the subsequent charge, the indictment or information shall be filed within the original time limit, but the period during which the defendant was not under charges shall be excluded from the computation.

The time from arrest on January 18, 1977 to the indictment filed March 23, 1977 was sixty-four days. Since the defendant was not under charges from March 21 to March 23, 1977, the time between arrest and indictment, for purposes of the Speedy Trial Rule, was sixty-two days. Reading Local Rules 2–7 4(a)(2) and 2–7 4(b)(3) together, the Court concluded that counts eight and nine, which charge the defendant with the same offense as the previously filed and dismissed complaint, should have been brought within forty-five days of the January 18 arrest. No good cause for delay having been shown, this Court dismissed those two counts, with prejudice, for failure to indict within the time limits prescribed by the Statute and L.R. 2–7 4.

### Counts One Through Seven

Defendant's motion urges two grounds for dismissal of the balance of the indictment. First, defendant contends he was subjected to prejudicial pre-arrest delay in violation of his Constitutional Due Process protections, in that his initial contact with law enforcement officers came some eighteen months before arrest. The alternative argument presents the question of whether the remaining seven counts must also be dismissed under our Speedy Trial Rule because those charges constitute "offense[s] required to be joined" with the offense originally charged by the complaint. L.R. 2–7 4(b).

Responding to defendant's first contention, the Government argues that the delay resulted, in part, from an intelligent exercise of prosecutorial discretion in awaiting the grand jury testimony of defendant's alleged accomplice. It maintains that delay was not an attempt to obtain a tactical advantage over the defendant, who, the Government asserts, has nonetheless failed to show actual prejudice in derogation of his Constitutional rights. In answer to defendant's second contention, the prosecution urges this Court to find that the violations charged in counts one through seven arose from separate criminal episodes, and were not required to have been joined with the offenses charged in the original complaint and later recharged in counts eight and nine of the indictment.

### Pre-Arrest Delay

*United States v. Marion,* 404 U.S. 307, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971) sets out a two part test for dismissal of an indictment for pre-arrest delay:

. . . [T]he Due Process Clause of the Fifth Amendment would require dismissal of the indictment if it were shown at trial that the pre-indictment delay in this case caused *substantial prejudice* to appellees' rights to a fair trial *and* that the delay was an *intentional device* to gain tactical advantage over the accused.[4] (Emphasis supplied).

This two-pronged rule has been applied by this Circuit's Court of Appeals in *United States v. Bridgeman,* 173 U.S.App.D.C. 150, 523 F.2d 1099, 1112 (1975), *cert. denied,* 425 U.S. 961, 96 S.Ct. 1944, 48 L.Ed.2d 206 (1976) where the same type of pre-arrest prejudice as is here alleged was discussed.

---

4. *United States v. Marion,* 404 U.S. 307, 324, 92 S.Ct. 455, 465, 30 L.Ed.2d 468 (1971).

Memories inevitably dim with the passage of time, but the statute of limitations is the primary measuring stick to gauge whether a criminal charge is unduly stale.[5]

And, in *United States v. Jones,* 173 U.S. App.D.C. 280, 524 F.2d 834 (1975) the Court noted, upon review of a pre-arrest delay, that "[i]t thus appears established that the sixth amendment right to a speedy trial attaches at the time of arrest . . . ."[6]

It appears from testimony in this case that the Government's delay in indicting this defendant resulted, in part, from its decision to indict only after testing the credibility of Peters' alleged accomplice before a grand jury, and, in part, from bureaucratic neglect in failing to resolve scheduling conflicts between law enforcement officers and Government counsel. It does not appear from the record that the Government engaged in a preconceived effort to prejudice defendant's due process rights to a fair trial. Furthermore, in view of defendant's own clear testimony at the hearing on this motion, it does not appear that defendant's memory has been prejudicially dimmed by the delay.

 Therefore, the Court is of the opinion that insofar as this motion to dismiss is based upon constitutional grounds, it must be denied. Pre-arrest delay violative of the Due Process Clause of the Fifth Amendment has not been shown. *United States v. Lovasco,* —— U.S. ——, 97 S.Ct. 2044, 52 L.Ed.2d 752 (1977). Nor is the Sixth Amendment of any aid to defendant on this motion, as Sixth Amendment speedy trial protections attach only after the time of arrest or formal charges. *United States v. Marion, supra.*

### Speedy Trial Violation

The Court's consideration of defendant's motion to dismiss under the Speedy Trial Act and our local rules entails a proper construction of L.R. 2–7 4(b), particularly the phrase "an offense required to be joined." The only assistance is found in 18 U.S.C. § 3161(d):

(d) If any indictment or information is dismissed upon motion of the defendant, or any charge contained in a complaint filed against an individual is dismissed or otherwise dropped, and thereafter a complaint is filed against such defendant or individual charging him with the same offense or an offense based on the same conduct or arising from the same criminal episode, or an information or indictment is filed charging such defendant with *the same offense or an offense based on the same conduct or arising from the same criminal episode,* the provisions of subsections (b) and (c) of this section shall be applicable with respect to such subsequent complaint, indictment, or information, as the case may be. (Emphasis supplied).

Both Peters and the United States seem agreed as to at least one fact concerning Section 3161(d)—the absence of precedential guidance:

Our research has uncovered no federal case nor any legislative history which defines or interprets this section beyond repetition of the language.[7]

[I]n the lack of any cases interpreting § 3161(d) the Court must rely upon the plain and ordinary meaning of the words.[8]

As related hereinabove, this Court ruled that counts eight and nine charged the *same offense* as charged by the previously filed and dismissed criminal complaint, and that the time for filing those subsequent charges commenced to run with the date of arrest pursuant to that complaint. Here the question is whether the time for filing counts one through seven similarly began to run with the arrest, under defendant's theory that those seven counts charge *offenses*

---

**5.** *United States v. Bridgeman,* 173 U.S.App. D.C. 150, 523 F.2d 1099, 1112 (1975).

**6.** *United States v. Jones,* 173 U.S.App.D.C. 280, 524 F.2d 834, 839 n.7 (1975).

**7.** United States' Memorandum, filed May 2, 1977, at 3.

**8.** Defendant's Memorandum, filed May 3, 1977, at 4.

*based on the same conduct or arising from the same criminal episode* as the offenses charged in the prior complaint.

This criminal case arises out of the theft of a number of checks from the Maple-Rock Distributors, Inc., Lexington, Virginia. According to the Government, those checks were subsequently transported in interstate commerce, falsely made and forged, and fraudulently negotiated. The original nine count indictment in this case was based upon four separate checks with violations alleged on three distinct dates. Defendant is charged under 18 U.S.C. § 2314 [9] and 22 D.C.Code § 1401.[10]

To support its theory of one criminal episode the defense states that all the checks involved here were written at the same location, on the same day. However, a reading of the statutes defendant is charged under indicates that such facts are not determinative of whether *vel non* a violation can be proven. While the crime of forgery, which is charged here only by count two, turns upon the actual act of falsely making a writing, the transportation and uttering offenses, ·charged by the remaining six counts, are not so determined.

Although in *Kessel v. United States,* 303 F.2d 563 (8th Cir. 1962), *modifying,* 189 F.Supp. 224 (D.N.D.1960) it was held that simultaneous transportation of more than one falsely made security constituted but a single offense under 18 U.S.C. § 2314, *Castle v. United States,* 368 U.S. 13, 82 S.Ct. 123, 7 L.Ed.2d 75 (1961), *cf. Bell v. United States,* 349 U.S. 81, 75 S.Ct. 620, 99 L.Ed. 905 (1955), distinct incidents of transportation in violation of 18 U.S.C. § 2314 may be properly charged as distinct offenses. *See United States v. Flick,* 516 F.2d 489 (7th Cir. 1975), *cert. denied,* 423 U.S. 931, 96 S.Ct. 282, 46 L.Ed.2d 260. Nothing in the Speedy Trial Act or the local rules operates to abrogate this rule of construction.

The Court notes that the indictment charges, in counts four and six, interstate transportation of two different checks on the same date (April 25, 1975). The evidence in this case may later show that a simultaneous transportation of those checks was made, and that these two counts may be subject to consolidation under the *Castle, Kessel* rule, *supra.* However, at this time there is nothing in the indictment or in the

**9.** § 2314. Transportation of stolen goods, securities, moneys, fraudulent State tax stamps, *or articles used in counterfeiting.*

 Whoever transports in interstate or foreign commerce any goods, wares, merchandise, securities or money, of the value of $5,000 or more, knowing the same to have been stolen, converted or taken by fraud; or

 Whoever, having devised or intending to *devise any scheme or artifice to defraud,* or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, transports or causes to be transported, or induces any person to travel in, or to be transported in interstate commerce in the execution or concealment of a scheme or artifice to defraud that person of money or property having a value of $5,000 or more; or

 Whoever, with unlawful or fraudulent intent, transports in interstate or foreign commerce any falsely made, forged, altered, or counterfeited securities or tax stamps, knowing the same to have been falsely made, forged, altered, or counterfeited; or

 Whoever, with unlawful or fraudulent intent, transports in interstate or foreign commerce any travelers's check bearing a forged countersignature; or

 Whoever, with unlawful or fraudulent intent, transports in interstate or foreign commerce, any *tool, implement, or thing used or* fitted to be used in falsely making, forging, altering, or counterfeiting any security or tax stamps, or any part thereof—

 Shall be fined not more than $10,000 or imprisoned not more than ten years, or both.

 This section shall not apply to any falsely made, forged, altered, counterfeited or spurious representation of an obligation or other security of the United States, or of an obligation, bond, certificate, security, treasury note, bill, promise to pay or bank note issued by any foreign government or by a bank or corporation of any foreign country.

**10.** § 22–1401. Forgery.

 Whoever, with intent to defraud or injure another, falsely makes or alters any writing of a public or private nature, which might operate to the prejudice of another, or passes, utters, or publishes, or attempts to pass, utter, or publish as true and genuine, any paper so falsely made or altered, knowing the same to be false or forged, with the intent to defraud or prejudice the right of another, shall be imprisoned for not less than one year nor more than ten years.

record now before the Court to indicate that those two checks were in fact transported at the same time.

■ Similarly, the District of Columbia statute on forgery, 22 D.C.Code § 1401, is written in the disjunctive so that forging and uttering the same instrument are distinct offenses. *Read v. United States*, 55 App.D.C. 43, 299 F. 918 (1924), *cert. denied*, 267 U.S. 596, 45 S.Ct. 352, 69 L.Ed. 805 (1925). A second uttering constitutes still another offense. *Read, supra*. It follows that where different instruments are involved, as here where four different checks are specified in the original indictment, there are separate and distinct violations of 22 D.C.Code § 1401.

■ It is the opinion of this Court that the Speedy Trial Act, 18 U.S.C. § 3161(d), requires a case by case determination of whether the offense in question is the same conduct, or arises from the same criminal episode as some previously charged offense. After examining the relevant statutes and their construction, this Court concludes that defendant's behavior was not, under these statutes, part of the same criminal episode. Subject to the evidence which may be adduced at trial as to counts four and six, each violation charged by counts one through seven of this indictment could have been prosecuted separately. It cannot be said that the offenses charged were "required to be joined" under our Local Rule 2–7 4(b).

Upon consideration of the foregoing it is the conclusion of this Court that under this indictment, as to this defendant, on the violations alleged, counts one through seven need not be dismissed, and defendant's motion to dismiss as to those counts will be denied.