937 F.2d 604
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Benjamin Chevis CUMBER, Defendant-Appellant.
 No. 90-7377.
 United States Court of Appeals, Fourth Circuit.
 Submitted Jan. 10, 1991.
Decided July 3, 1991.
 
 Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington. W. Earl Britt, District Judge. (CR-88-26)
 Benjamin Chevis Cumber, appellant pro se.
 Robert Daniel Boyce, Office of the United States Attorney, Raleigh, N.C., for appellee.
 E.D.N.C.
 AFFIRMED IN PART, VACATED IN PART, AND REMANDED.
 Before MURNAGHAN and WILKINSON, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Benjamin Chevis Cumber appeals from the district court's order denying his Fed.R.Crim.P. 35(a) motions to correct his sentence. Cumber was indicted on eight counts and convicted for violating counterfeiting laws 18 U.S.C. Secs. 371, 473 and 474. This Court affirmed his convictions and sentences in United States v. Cumber, No. 89-5528 (4th Cir. Jan. 16, 1990) (unpublished). For the reasons stated below, we affirm the district court in part and vacate and remand in part.
 
 I.
 
 2
 Cumber was convicted and sentenced under the Sentencing Reform Act (hereinafter Guidelines) on the third count of the indictment for producing counterfeit "$5.00" bills. Cumber alleges in his Rule 35(a) motion that these bills were produced before the enactment of the Guidelines on November 1, 1987.[1] In support of his motion, Cumber provides excerpts from the "Secret Service Report" which show no "$5.00" bills being recovered after November 1, 1987. He argues that since there is no evidence that he passed any "$5.00" bills after this date, there is no evidence that he produced any "$5.00" bills after this date.
 
 
 3
 Since the Guidelines do not apply to offenses committed before its enactment on November 1, 1987, United States v. Polk, 905 F.2d 54 (4th Cir.), cert. denied, 59 U.S.L.W. 3391 (U.S. Nov. 26, 1990) (No. 90-689), Cumber asserts that sentencing him under the Guidelines on Count 3 violates the ex post facto clause.[2] This violation would occur because he is not eligible for parole on a Guidelines sentence, whereas he would have been eligible for parole on that conviction had he been sentenced under the law existing at the time the offense was committed. We find that, in this case, Cumber fails to state an ex post facto violation, regardless of when he committed the offense.
 
 
 4
 A statute violates the ex post facto clause if it makes the punishment for the crime more burdensome after it has been committed. Collins v. Youngblood, 58 U.S.L.W. 4855 (U.S. June 21, 1990) (No. 89-742). See Schwartz v. Muncy, 834 F.2d 396 (4th Cir.1987) (holding that a change in the parole law may violate the ex post facto clause). In this case, however, Cumber's punishment is not affected by the fact that he was sentenced under the Guidelines on Count 3. That sentence is the same length as and concurrent with the sentences on Counts 1 and 2 which he does not challenge. The sentences on the remaining pre-Guidelines offenses are also concurrent with each other but consecutive to the sentences on the first three counts. Thus, even if he may have been improperly sentenced under the Guidelines on Count 3, his sentence is not more burdensome than it would be otherwise. He will still have to serve 37 months prior to starting his 8-year sentence for which he is eligible for parole. Since a sentence under the pre-Guidelines law would not change this, Cumber does not allege an ex post facto violation. As Cumber could have, but did not, raise this nonconstitutional claim on direct appeal, he may not now assert it on collateral attack. Stone v. Powell, 428 U.S. 465, 477 n. 10 (1976). Therefore, we affirm the district court's denial of this Rule 35 motion.
 
 II.
 
 5
 In his second Rule 35, Cumber alleges that his convictions and sentences on Counts 6 through 8 of the indictment constitute double jeopardy, since all three charges resulted from passing counterfeit bills to one person in a single transaction.[3] Cumber was convicted in these three counts of violating title 18 U.S.C. Sec. 473, which states:
 
 
 6
 Whoever buys, sells, exchanges, transfers, receives, or delivers any false, forged, counterfeited, or altered obligation or other security of the United States, with the intent that the same be passed, published, or used as true and genuine, shall be fined not more than $5,000 or imprisoned not more than ten years, or both.
 
 
 7
 As this law does not "clearly and without ambiguity" state what the unit of prosecution is, i.e., whether passing counterfeit bills of different denominations constitutes different offenses, the doubt should be resolved in favor of a single transaction. Cf. Bell v. United States, 349 U.S. 81, 83-84 (1955).
 
 
 8
 The test for determining whether there is an identity of offenses has long been whether each offense requires "proof of a fact which the other does not...." Blockburger v. United States, 284 U.S. 299, 304 (1932). In United States v. Squires, 581 F.2d 408 (4th Cir.1978), we were required to interpret 18 U.S.C. Sec. 2314, which, inter alia, prohibits the transportation of counterfeit securities.[4] We concluded that only one offense may be charged under this statute where it involves "transporting as a group any number of counterfeit securities." See also Kessel v. United States, 303 F.2d 563 (8th Cir.1970) (single offense where money orders transported on one trip). In Bell, 349 U.S. 81, the Supreme Court held that transporting two women across state lines in violation of the Mann Act constituted a single violation.
 
 
 9
 Cumber transferred seven counterfeit bills, of three denominations, in one transaction. He was charged with three separate counts. Since the same facts were required to prove each count, conviction and sentence on each of the counts subjected him to double jeopardy.[5] Accordingly, we remand this case to the district court with instructions that two of the convictions and sentences on Counts 6 through 8 be vacated. The district court's opinion is affirmed in all other respects. We dispense with oral argument because the facts and legal contentions are adequately presented in the material before the Court and argument would not aid in the decisional process.
 
 
 10
 AFFIRMED IN PART, VACATED IN PART AND REMANDED.
 
 
 
 [1]
 The indictment states that "[f]rom November 1986, to on or about November 30, 1987, the exact dates being unknown to the Grand Jury ..." Cumber violated 18 U.S.C. Secs. 474 and 2
 
 
 [2]
 Although several cases have held that use of the Guidelines is not a violation of the ex post facto clause of Article 1, Section 9 of the United States Constitution, in each of these cases at least part of the crime was committed after the enactment of the Guidelines. See United States v. Watford, 894 F.2d 665, 670 (4th Cir.1990) (burden on defendant to show withdrawal from conspiracy before Nov. 1, 1987); United States v. Sheffer, 896 F.2d at 842 (4th Cir.1990) (ex post facto argument rejected in case where acts of conspiracy were initiated before November 1, 1987 but continued after that date), cert. denied, 59 U.S.L.W. 3362 (1990); United States v. Porter, 909 F.2d 789 (4th Cir.1990) (ex post facto argument rejected in money laundering case where illegal proceeds obtained before November 1, 1987 but not disposed of until after that date)
 
 
 [3]
 Three separate offenses were charged because three denominations of counterfeit bills were involved in the transaction
 
 
 [4]
 The relevant portion of 18 U.S.C. Sec. 2314 states:
 Whoever, with unlawful or fraudulent intent, transports in interstate or foreign commerce any falsely made, forged, altered, or counterfeited securities or tax stamps, knowing the same to have been falsely made, forged, altered or counterfeited; ... [s]hall be fixed not more than $10,000 or imprisoned not more than ten years, or both.
 
 
 [5]
 The fact that Cumber's sentences on these counts run concurrently does not change this conclusion. As the Supreme Court observed in Ball v. United States, 472 U.S. 856, 864-65 (1985), the convictions themselves constitute impermissible punishment and must be vacated